[Crim. No. 3183.    Third Dist.    Feb. 3, 1961.]

In re HOWARD MERLE APPERSON, on Habeas Corpus.

Bruce A. Werlhof and Robert L. Barbour for Petitioner.

Stanley Mosk, Attorney General, Doris H. Maier and Edsel W. Haws, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—The writ of habeas corpus heretofore granted to petitioner must be discharged.

Petitioner was tried to a jury in the Justice Court of the Red Bluff Judicial District and was convicted of violations of the Vehicle Code as follows: Driving while under the influence of intoxicating liquor, failure to drive on the right side of the highway and failing to have a driver's license in his possession. The court sentenced him to pay a fine in the total sum of $526 and to serve five days in the county jail. He was further required to surrender his driver's license. Thereafter petitioner filed notice of appeal to the superior court. He filed a proposed statement on appeal; the district attorney filed a proposed amendment to petitioner's statement on appeal. No reporter was present at the trial. At a duly noticed hearing, at which counsel for both parties were present, proceedings were taken towards settling the statement on appeal. At the conclusion of that hearing the court made the following order: "It appearing that it would be futile and impossible to continue further efforts to agree on the testimony and occurrences at the trial, the court informed counsel that it would assume responsibility for settling and engrossing the statement on appeal." Thereafter, without further notice to petitioner or his counsel, the justice court caused to be filed in the superior court a certified statement on appeal. The appeal was presented to the superior court, which affirmed the judgment. It is petitioner's contention here that in the certification and settlement of the record on appeal he was denied procedural due process of law. His contention is groundless.

Although conceding that upon due notice a hearing was had in the trial court looking to a settlement of the statement on

appeal and that agreement was not reached at that hearing, petitioner contends that before the record could be settled and certified by the trial court he was entitled to further notice of the proposed settled record. In this petitioner is in error.

■ The provisions governing the preparation of the record on appeal in criminal cases are contained in the "Rules on Appeal from Municipal Courts and Inferior Courts in Criminal Cases." Rule 7 governs the settlement of the statement on appeal and provides that upon the filing of a proposed statement and any proposed amendments thereto "the [trial] judge shall forthwith fix a time for settlement of the statement . . . and cause notice thereof to be mailed, at least five days before the time fixed, to each party, . . . . The trial judge shall at the time fixed, or any other time to which the matter may be continued, settle the statement or transcript, or both, and the amendments proposed thereto, if any, correcting, altering, or rewriting such statement or transcript, or both, as may be necessary to make the same set forth fairly and truly the evidence and proceedings relating to the specified grounds of appeal or the matters set forth by the appellant in support thereof."

The rule clearly contemplates that situations will arise, when no reporter has been present at a trial, where memories of what transpired will be in conflict and that sometimes, even after a hearing, the conflicts cannot be so reconciled as to come into the realm of agreement, in which cases the responsibility for settling the record is vested in the trial court. ■ As was said in *St. George* v. *Superior Court*, 93 Cal.App.2d 815, 817 [209 P.2d 823]:

". . . Under the new rules a trial judge, while no longer required to certify a reporter's transcript, is required to certify to a settled statement. (Rule 7(d) of the Rules on Appeal.) The rules confer full power over such a record in the trial judge. As long as the trial judge does not act in an arbitrary fashion he has full and complete power over such a record. Thus, in *Burns* v. *Brown*, 27 Cal.2d 631, at page 636 [141 P.2d 1], the Supreme Court stated: 'When appellant cannot or does not want to avail himself of this method of preparing the record on appeal [reporter's transcript], either because a reporter was not present at the proceedings or for other reasons, and when he fails to convince the trial judge that his statement accurately reflects the proceedings in question, the action of the trial judge, who heard and tried the case, must be regarded as final.' "

■ The rules do not require that, where an impasse is reached at the noticed hearing, the trial court, charged with the duty of certifying a record on appeal, must hold further hearings. Of course, it may be proper to do so in a further attempt to ascertain just what transpired, but it is not required. The trial court may proceed to settle and to engross the record and file the same in the superior court as the certified and engrossed record on appeal.

Petitioner relies upon *In re Finn,* 54 Cal.2d 807 [8 Cal. Rptr. 741, 356 P.2d 685], but we find that decision inapplicable here on the facts.

The writ heretofore issued is discharged and petitioner is remanded.

Peek, J., and Schottky, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied March 29, 1961.