[Crim. No. 39747. Second Dist., Div. Five. Oct. 6, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE O. BELTRAN, Defendant and Appellant.

. . .

**COUNSEL**

Jose O. Beltran, in pro. per., for Defendant and Appellant.

Burt Pines, City Attorney, Jack L. Brown and Ray L. Hart, Deputy City Attorneys, for Plaintiff and Respondent.

**OPINION**

**ASHBY, J.**—Defendant appeals a conviction for violating Vehicle Code section 22406, subdivision (a). The matter is before us on transfer from the Appellate Department of the Los Angeles County Superior Court, pursuant to rule 62(a) of the California Rules of Court, to settle a question of general interest.

According to the settled statement on appeal, defendant was driving a semitruck within the territory of the Newhall Judicial District when he was stopped by a California Highway Patrol (CHP) officer for driving in excess of 55 miles an hour. Defendant, pursuant to Vehicle Code section 40502, subdivision (b),[1] requested trial at the county seat. The officer cited him to appear in the Van Nuys branch of the Los Angeles Municipal Court. At the time set for trial defendant moved to dismiss for lack of jurisdiction on the ground that the municipal court servicing the county seat of Los Angeles County is the central branch of the court located at 1945 South Hill Street in the downtown area. The municipal court denied the motion to dismiss, ruling that the entire Los Angeles Municipal Court, regardless of where it is sitting within the Los Angeles Judicial District, is the court servicing the county seat and that trial in the Van Nuys Division of the Los Angeles Judicial District satisfied the requirement of Vehicle Code section 40502, subdivision (b).

Trial was then held. The CHP officer who had cited defendant testified that he had clocked defendant driving in excess of the allowable speed limit for at least a quarter of a mile. Defendant testified that he was not exceeding the allowable speed limit; however he also testified that his truck was equipped with a C.B. radio, that he had been warned by another trucker that there was a highway patrol officer up ahead, and that upon hearing this, he slowed down to 55 miles per hour, presumably before reaching the officer.[2] Defendant also testified that the lane in which he was traveling was too rough for him to have driven more than 45 miles per hour. The trial court resolved the factual conflict against defendant, found him guilty, and fined him $35 plus a $10.50 penalty assessment.

On appeal defendant alleges that the trial court erred in not dismissing the case because his demand to have the trial transferred to the

---

[1]Section 40502: "The place specified in the notice to appear shall be either: [¶] .... [¶] "(b) Upon demand of the person arrested, before a municipal court judge or other magistrate having jurisdiction of the offense at the county seat of the county in which the offense is alleged to have been committed or before a magistrate in the judicial district in which the offense is alleged to have been committed."

[2]The settled statement recites: "Unbeknownst to the defendant, the Highway Patrol unit was equipped with a C.B. receiver and the highway patrolman overheard the warning given by the trucker." This sentence is within the paragraph which sets forth defendant's testimony. How defendant came by this information—if in fact it was part of his testimony—is not explained.

county seat was not honored, and that the evidence was, in any event, insufficient to support the conviction. It was to resolve the former issue that we ordered the matter transferred here.

Having been cited for a traffic violation in a judicial district (Newhall) outside the county seat, defendant was entitled, upon his request, to be tried at the county seat (Los Angeles). (*Smith* v. *Municipal Court* (1959) 167 Cal.App.2d 534 [334 P.2d 931]; Veh. Code, § 40502, subd. (b).) We judicially note (Evid. Code, § 459) that the Municipal Court for the Los Angeles Judicial District sits at three locations in the downtown area and at six branch courts in the outlying areas, four of which are in the San Fernando Valley. Defendant contends that his right to trial at the county seat can only be satisfied by trial at the traffic court building located at 1945 South Hill Street. The contention is without merit.

"The county seats of the respective counties of the State, as fixed by law and designated in this article, are declared to be the county seats of the respective counties. *In any case where a county seat is an incorporated city, it includes all territory heretofore or hereafter annexed thereto.*" (Gov. Code, § 23600. Italics added.) The county seat of Los Angeles County is the City of Los Angeles. (Gov. Code, § 23619.) We judicially note (Evid. Code, § 459) that Van Nuys is part of the incorporated City of Los Angeles.

"Whenever the law specifies that an office or building shall be located at the county seat and an incorporated city has been designated as the county seat, the location of said office or building may be either within or in the immediate vicinity of the corporate limits of said city." (Gov. Code, § 24256.) The constitutionality of this section and of Government Code section 23600 were upheld in *Ventura Realty Co.* v. *Robinson* (1970) 10 Cal.App.3d 628 [89 Cal.Rptr. 117], which approved construction outside the original city limits of the town of San Buenaventura,[3] of a courthouse required to be at the county seat.

We note that in *People* v. *Taylor* (1975) 46 Cal.App.3d 513 [120 Cal.Rptr. 762], the court held that the Van Nuys Superior Court was not a part of the county seat for purposes of determining the proper method for selecting jurors under Code of Civil Procedure section 206. The situation with which the court dealt in *Taylor* is factually, legally

---

[3]The county seat of Ventura County.

and historically distinguishable from that with which we deal. Code of Civil Procedure section 206 deals with selection of superior court trial jury lists. Government Code section 69640 et seq. provides for the creation by the Board of Supervisors of Los Angeles County of not more than nine superior court districts within the county. In creating superior court districts, the board of supervisors is required to draw districts with a minimum population of 250,000 (Gov. Code, § 69644), but is not restricted by geographical boundaries or political subdivisions within the county in designating court locations or district boundaries. One of the superior court districts which has been created in Los Angeles County is the northwest district. The Van Nuys Superior Court is part of this district and is separate from the central district which sits in downtown Los Angeles.

A different situation exists with respect to the establishment of municipal court districts. Article VI, section 5, subdivision (a) of the California Constitution provides: "Each county shall be divided into municipal court and justice court districts as provided by statute, but a city may not be divided into more than one district. . . ." Thus the state Constitution prohibits creation of more than one municipal court district for the City of Los Angeles. Each of the Los Angeles Municipal Court branches therefore must be treated as integral parts of a single district. Since that district encompasses and services the entire county seat, trial at a branch of the Los Angeles Municipal Court, such as Van Nuys, satisfies the mandate of Vehicle Code section 40502, subdivision (b).[4]

■ With respect to his contention that the evidence was insufficient to support the judgment, defendant alleges that the settled statement is incorrect when it recites that he testified to slowing down *to* 55 miles per hour, that in fact he testified that because the road was rough, he slowed *from* 55 to 45 miles per hour. We accept the settled statement as correct, because the trial judge is the final arbiter of that issue. (*In re Apperson* (1961) 188 Cal.App.2d 830, 832 [10 Cal.Rptr. 738]; *Burns* v. *Brown* (1946) 27 Cal.2d 631, 636 [166 P.2d 1].) However, even if defendant's version of his testimony were correct there would still be a conflict in the evidence which we would have to resolve against

---

[4]Even if defendant had been entitled to trial at a civic center branch of the court, the appropriate remedy would have been transfer of the case to that court, not dismissal of the action. (*Smith* v. *Municipal Court* (1959) 167 Cal.App.2d 534 [334 P.2d 931].)

him. The officer's testimony would still provide ample basis for the conviction.

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.