Filed 2/26/15  Williams v. Long CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KIM D. WILLIAMS et al.,<br><br>        Plaintiffs and Respondents,<br><br>v.<br><br>JAMES RALPH LONG,<br><br>        Defendant and Appellant. | A140340<br><br>(Contra Costa County<br>Super. Ct. No. N13-1395) |

James Ralph Long appeals from a civil harassment restraining order, arguing that the lower court erred in denying his request for a continuance and in denying his request to use a settled statement as the record of oral proceedings conducted in the trial court. He also argues that the parties who sought the restraining order were untruthful, perpetrated a fraud on the court, and improperly evicted him from his home by using the civil harassment restraining order process instead of filing an unlawful detainer action.

Although we agree with Long that the trial court should have granted his request for a settled statement, he is not entitled to relief on appeal.  Long cannot be heard to complain about inadequacies in the record that could have been easily corrected if he had simply sought relief available to him under the rules of court applicable to appeals. Moreover, no purpose would be served at this point by requiring the trial court to prepare a settled statement.  Even if we accept Long's version of what transpired at the trial court hearing, the issues he raises on appeal simply question the credibility of the parties who sought the restraining order.  Because it is not our role as a reviewing court to reweigh the evidence and resolve credibility issues, we affirm the order.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The record on appeal does not include a reporter's transcript or other record of the oral proceedings conducted in the trial court. As a consequence, our recitation of the facts is limited to what is contained in documents filed in the trial court and included in the clerk's transcript on appeal.

On September 3, 2013, Kim D. Williams filed a request for a civil harassment restraining order directed at Long. Williams also sought protection on behalf of Deidre Mayes, who was identified as her aunt. As set forth in the request, Williams and Long resided at the same address—416 B Street in Richmond. Williams alleged that Long had "serious mental illness issues," had destroyed property, was a danger to himself and others, kept weapons, punched holes in the walls, and urinated and defecated on the floor. Williams further alleged that, on August 31, 2013, Long had yelled and screamed at her, held a bat near her face, said he would kill Williams, broke glass, punched walls, and beat the furniture with a bat. She claimed to have called the police on that occasion. She further alleged that Long intimidated her on a regular basis and that she felt her life was threatened. Williams alleged that she owned the property at 416 B Street and wished to have Long removed from the premises.

The trial court issued a temporary restraining order on the same day Williams filed the request for a civil harassment restraining order. The temporary restraining order directed Long to stay at least 100 yards away from Williams and Mayes, and it ordered Long to immediately move out of 416 B Street, with the condition that he could return only with police present to retrieve his possessions. The court set a hearing on the civil harassment restraining order for September 24, 2013.

The hearing on the restraining order was held as scheduled. No court reporter was present at the hearing. The minute order from the hearing reflects that Williams, Mayes, and Long testified. At the conclusion of the hearing, the trial court granted the civil harassment restraining order. As set forth in the restraining order, which expires on September 24, 2016, Long was ordered to stay at least 100 yards away from Williams and Mayes. The order described Long as the roommate of Williams and directed Long to

2

move out of the residence.

Long filed a timely notice of appeal. In his notice designating the record on appeal, Long chose to proceed with a settled statement as the record of oral proceedings in the trial court pursuant to rule 8.137 of the California Rules of Court.[1] Long applied to the trial court for permission to use a settled statement. The trial court denied the request to use a settled statement. A handwritten note on the order that appears to be signed by the judge states: "This was a civil harassment restraining order matter. The restrained party (appellant) has no right to appeal."

Long filed a motion to reconsider the denial of the request to use a settled statement. Among other things, Long cited case authority standing for the proposition that civil harassment restraining orders are appealable. The trial court denied the motion for reconsideration and directed Long to file an amended notice designating the record on appeal within 10 days. Long timely filed an amended designation of the record in which he elected to proceed without a record of the oral proceedings in the trial court. He complied "under objection" because he felt that a settled statement was the only option available to present the reviewing court with a record of the oral proceedings in the trial court.

DISCUSSION

**1.** *Settled statement*

We first consider Long's contention that the trial court erred in denying his request to use a settled statement. As we explain, although we agree with Long that the court erred in denying his request, he is not entitled to relief under the circumstances presented here.

"When an appellant desires to present any point which requires consideration of the oral proceedings, he must obtain and file in the appellate court a reporter's transcript, certified by the reporter; or, where a transcript is unavailable, a settled statement of the oral proceedings prepared by the parties and settled by the judge who heard the matter; or

---

[1]All further rule references are to the California Rules of Court.

3

an agreed statement prepared by the parties, consisting of a condensed statement of the relevant proceedings." (*Le Font v. Rankin* (1959) 167 Cal.App.2d 433, 436–437.) "A trial judge may not arbitrarily refuse to settle a statement unless there is some justification. 'To so hold would place it in the power of the trial judge to deprive a litigant of his right of appeal by simply refusing to perform a plain duty.' " (*Eisenberg v. Superior Court* (1956) 142 Cal.App.2d 12, 19.)

Here, there was no court reporter present at the hearing on the request for a civil harassment restraining order. Because it was not possible to obtain a reporter's transcript, Long timely requested the preparation of a settled statement pursuant to rule 8.137. In denying the request, the trial court indicated that Long had no right to appeal. The court erred. A civil harassment restraining order is appealable as an order granting an injunction. (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 187; Code Civ. Proc., § 904.1, subd. (a)(6).) Consequently, the court was obligated to follow the procedure for preparing a settled statement. Although the outcome of the settled statement process will not be disturbed or disregarded unless the trial court acted in an arbitrary fashion (*In re Apperson* (1961) 188 Cal.App.2d 830, 832), a court cannot simply deny a litigant the right to seek a settled statement when no other alternative exists to obtain a record of the oral proceedings in the trial court. Further, while a court might legitimately deny a request for a settled statement when the hearing at issue has no bearing on any matters that may be raised on appeal, that is not the case here. The issues Long raises on appeal turn on the evidence presented at the hearing.

The question remains whether Long is entitled to relief on appeal. As the party challenging the trial court's order, it was his burden to provide a record sufficient to allow meaningful review of his claims on appeal. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) Although Long sought to prepare a settled statement, the trial court denied his request. Instead of seeking further relief in this court, either by way of motion or petition for writ of mandate, Long acquiesced and agreed to proceed without a record of the oral

4

proceedings in the trial court, albeit under protest. Consequently, we are left without a record of the oral proceedings in the trial court.

Long did not meet his burden to present this court with a sufficient record. While we are sympathetic to his claim that the trial court erroneously denied his request for a settled statement, it was his responsibility to procure a sufficient record. When the record prepared by the trial court is inadequate, it is the appellant's burden to cure that inadequacy. If the record is missing key documents, or if the trial court clerk fails to comply with its duties in some respect, the rules of court governing appeals allow an appellant to seek relief. (See, e.g., rules 8.54 [procedure for motions in the appellate court], 8.155(c)(2) [reviewing court may order trial court "to settle disputes about omissions or errors in the record"].)

Granting relief in this case would not serve the interests of justice. The absence of a record does not entitle Long to a reversal of the challenged order. At most, he would be entitled to an order directing the trial court to prepare a settled statement. But that would effectively give him another appeal after the settled statement is prepared, with another round of briefing and a further written decision by this court. It would be profoundly wasteful of the court's and the parties' resources to adopt such a multi-staged procedure for resolving an appeal. An appellant must cure any record deficiencies before the briefing on appeal is complete. The role of the appellate briefing is to address claimed legal errors in the judgment or order on appeal, not to rectify deficiencies in the appellate record.

The authorities relied upon by Long do not alter our conclusion. In each of the cases cited by Long, the appellant sought interlocutory writ relief to require the trial court to prepare a settled statement. (See *Eisenberg v. Superior Court, supra,* 142 Cal.App.2d at p. 13; *Stevens v. Superior Court* (1958) 160 Cal.App.2d 264, 265; *Sansome v. Superior Court* (1889) 80 Cal. 483, 487; *Burns v. Brown* (1946) 27 Cal.2d 631, 633, 637.) In other words, instead of going forward on appeal with an inadequate record, the appellants in those cases challenged the trial court's handling of the matter by seeking immediate writ relief. Long could have pursued that option here but did not. Alternatively, in lieu of

5

filing a writ petition, he could have moved for relief in this court through an appropriate motion. (See rule 8.155(c)(2).) Long cites no case in which a court granted relief in an *appeal* (as opposed to a writ proceeding) in which the appellant complained about the trial court's failure to grant a request to prepare a settled statement.

For the reasons we have explained, we could dismiss the appeal for lack of an adequate record. (See *In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 463.) We are not bound to do so, however. Although as a general matter we do not think it is appropriate in a fully briefed appeal to remedy fundamental record deficiencies that could have been corrected by the appellant, we are not precluded from correcting or supplementing an appellate record in a fully briefed appeal when that action would serve the interests of justice.

In this case, no purpose would be served by requiring the court to prepare a settled statement in light of the arguments Long has raised on appeal. Our review of a civil harassment restraining order is governed by the substantial evidence standard of review. (*R.D. v. P.M., supra,* 202 Cal.App.4th at p. 188.) In applying that standard, we determine whether there is substantial evidence, contradicted or uncontradicted, to support the findings, viewing the evidence in the light most favorable to the prevailing party. (*City of Glendale v. Marcus Cable Associates, LLC* (2014) 231 Cal.App.4th 1359, 1385.) It is not our role to reweigh the evidence or evaluate the credibility of the witnesses. (*Ibid.*)

Long effectively concedes in his appellate briefing that Williams and Mayes testified to certain events and threats supporting a restraining order but argues these events and claims were "fictitious." He does not assert that the facts as stated by Williams and Mayes are legally insufficient to constitute civil harassment under Code of Civil Procedure section 527.6. Instead, he argues that the facts supporting the order were fabricated. In effect, he contends their testimony should not be considered credible.

Even if a settled statement fully adopted Long's account of what transpired at the hearing, he would not be entitled to relief on appeal. We cannot disregard substantial evidence supporting the issuance of the civil harassment restraining order simply because Long believes Williams and Mayes were not credible. In sum, although we could direct

6

the trial court to prepare a settled statement, it would be a pointless exercise to do so here and would not serve the interests of justice or advance Long's contentions on appeal.

We briefly address Long's remaining claims simply to confirm they present no grounds for relief even if we had been presented with a record of the oral proceedings in the trial court.

**2.** *Continuance*

Long contends the court abused its discretion in denying his request for a continuance. We disagree.

An order denying a continuance will not be overturned unless the court abused its discretion. (*People v. Hajek* (2014) 58 Cal.4th 1144, 1181.) " '[A]n order denying a continuance is seldom successfully attacked. [Citation.] [¶] Under this state law standard, discretion is abused only when the court exceeds the bounds of reason, all circumstances being considered.' " (*Ibid.*)

Here, Long argues that he was surprised by the content of the testimony offered by Williams and Mayes. He acknowledges he was given an opportunity to respond but claims he "fumbled through his denial of those events, hearing these stories, of course, for the first time." He claims that, as the court was rendering its decision, he asked for a continuance, which was denied.

Long does not explain what purpose a continuance would have served, nor does he claim he offered any reason to the trial court for seeking the continuance. Long's fundamental claim is that Williams and Mayes fabricated testimony about certain events and threats he made, but it is unclear why a continuance would have permitted him to respond to these claims. He does not suggest he would have offered any witnesses or other evidence that would contradict the claims. Under the circumstances, the court acted well within its discretion in denying the request for a continuance.

**3.** *Using civil harassment restraining order procedure to evict*

One of Long's primary arguments on appeal is that the civil harassment restraining order process was improperly used as a pretext to summarily evict him. He argues that,

in landlord-tenant situations, the court must be wary of landlords who seek restraining orders against tenants as a means to evict in lieu of filing unlawful detainer actions.

Long relies on *Marquez-Luque v. Marquez* (1987) 192 Cal.App.3d 1513 to support his claim that his eviction was improper. That case is inapposite. There, the plaintiffs who sought a restraining order were the brother and sister of the defendant, who lived in his father's home following the father's death. (*Id.* at p. 1515.) The plaintiffs were named executor and alternate executor in their late father's will. They sought a restraining order against the defendant because he had threatened to kill his sister and burn the house down if she were to probate the estate and take the house from him. (*Ibid.*) The court granted the restraining order and evicted the defendant from the house. (*Id.* at p. 1516.) In reversing the trial court's order, the Court of Appeal held that the defendant could not be evicted pursuant to a civil harassment restraining order under the circumstances presented in that case. (*Id.* at p. 1514.) A key circumstance in that case was that the plaintiffs did not reside in the home with the defendant. (*Id.* at p. 1517.) Thus, there was no need to evict or otherwise displace the defendant in order to enjoin the harassment. (See *ibid.* [defendant's mere presence in home did not harass or annoy plaintiffs].) The court acknowledged that summary removal may be appropriate when the complaining party actually resides with the person at whom the order is directed. (*Ibid.*)

Here, Williams lived in the same residence with Long. Consequently, the only way to meaningfully prevent further harassment was to remove Long from the premises. Long appears to concede that a landlord who resides with an abusive tenant may be entitled to an order removing the tenant from the premises; his dispute seems to be with the quantum of proof required to establish that the landlord actually resides with the tenant. His concern is that a landlord may falsely claim to live in the same residence as a tenant in order to support a civil harassment restraining order that has the effect of evicting the tenant.

The trial court in this case plainly found Williams and Mayes credible when they claimed that they lived with Long at 416 B Street in Richmond. As discussed above, it is

8

not our role to reweigh the evidence or evaluate the witnesses' credibility. Further, the trial court found credible evidence of threats and harassment. Consequently, there is no basis for this court to conclude that Williams and Mayes misused the civil harassment restraining order process in order to evict Long.[2] When a landlord who resides with a tenant presents sufficient, credible evidence of harassment by the tenant within the meaning of Code of Civil Procedure section 527.6, the landlord is entitled to a civil harassment restraining order, even if that order has the practical effect of removing the tenant from the premises.

**4.     *Fraud on the court***

In the concluding section of his appellate brief, Long claims that Williams and Mayes perpetrated a fraud on the court, presumably as a result of testifying falsely to support their claims of harassment. Long's argument consists largely of lengthy quotes from an opinion that stands in part for the proposition that intrinsic fraud may support relief when a motion is made pursuant to Code of Civil Procedure section 473. (See *Guardianship of Levy* (1955) 137 Cal.App.2d 237, 244.)

In this case, Long did not seek relief under section 473 of the Code of Civil Procedure. Thus, the case he cites at length is inapposite. But the more salient point is that there is no evidence that Williams and Mayes committed a fraud on the court by testifying falsely, other than Long's own self-serving characterization of the evidence. In effect, he urges this court to make a credibility determination on appeal and conclude that Williams and Mayes were untruthful at the hearing on the civil harassment restraining order. For reasons we have amply explained, it is not our place as a reviewing court to make such a credibility determination. Consequently, Long's claim that Williams and Mayes somehow defrauded the court is meritless.

---

[2]It should be noted that Long was <u>not</u> a long-time tenant of Williams. In his motion for settled statement filed in the trial court, Long indicated that, as of the time Williams sought a restraining order against him, the amount of the monthly rent and other terms of his tenancy had not been finalized and no lease agreement, oral or written, had been entered.

**DISPOSITION**

The civil harassment restraining order is affirmed.  Each party shall bear its own costs on appeal.

_____
McGuiness, P.J.

We concur:


_____
Pollak, J.


_____
Siggins, J.