Filed 8/2/18

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| SHAHAB AMIR, | ) | No. BS 173665 |
| Petitioner, | ) ) | Lancaster Trial Court |
| v. | ) ) | No. CP33883 |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | ) ) ) ) | |
| Respondent, | ) ) | **OPINION** |
| THE PEOPLE, | ) ) | |
| Real Party in Interest. | ) ) ) | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Robert A. McSorley, Commissioner. Petition is granted.

Abtin Amir for Petitioner.

No appearances for Respondent and Real Party in Interest.

\* \* \*

1

INTRODUCTION

When a person cited for an infraction resides or works closer to the county seat than to the court nearest to the place where they were cited, upon the person's demand, must the person be tried in a court in the county seat, or can the person's request be denied due to the travel inconvenience of the citing law enforcement agency?  We hold a court in this instance *must* transfer the place of trial to the county seat.  (Veh. Code, § 40502, subd. (b).)[1]

Petitioner Shahab Amir requested a writ commanding respondent Los Angeles County Superior Court to vacate its order denying his motion to change the location for trial of his infraction from Lancaster, which is 70 miles from his residence, to the Los Angeles County seat in the City of Los Angeles, which is two miles from his home, and enter a new order granting his motion.  We will issue a writ so ordering.

BACKGROUND

Petitioner on September 2, 2017, was given a citation for speeding in Lancaster in Los Angeles County, and he requested the citing officer to specify the county seat as the place to appear.  The officer refused to do so, instructing petitioner to appear in the Antelope Valley Courthouse in Lancaster.

At his arraignment on April 27, 2018, petitioner moved to transfer the case to the county seat.  Petitioner maintained transfer was warranted because he resided in the City of Los Angeles, the Metropolitan Courthouse in Los Angeles was two miles from where he lived, and the courthouse in Lancaster was 70 miles from his home.

Respondent stated that section 40502 gave the court discretion to accede to a person's demand to be tried in the county seat, and respondent declined to change the location of the trial.  Respondent issued a written ruling denying the motion.

Respondent recognized the Court of Appeal in 1959 construed section 40502's predecessor—former section 739—as conferring no discretion on a trial court to deny a person's transfer request to the county seat (*Smith v. Municipal Court* (1959) 167 Cal.App.2d 534, 540-541 (*Smith*)).  But, respondent observed there were no published opinions holding this

---

[1]All further statutory references are to the Vehicle Code.

2

interpretation remained valid under the current law. Respondent ruled the current statute was differently worded than its predecessor and the current version afforded the trial court the discretion to decide the location of the trial. Respondent considered whether a change in the place of trial was "in the interest of justice." It observed that the office of the citing agency, the California Highway Patrol (CHP), was located in Lancaster, the Antelope Valley Courthouse was the most convenient place for the CHP officer to appear to testify, and the next nearest other courthouses were 54.10, 55.17, and 69.70 miles away from the courthouse in Lancaster. In denying the transfer motion, the court concluded, "These distances are far too great for the traffic enforcement agencies to expend the funds to have their officers travel in order to appear on a single traffic citation in view of current public funding budget problems."

Petitioner filed the instant petition for a writ of mandate and for a stay, requesting we vacate the April 27, 2018, order denying his motion. On May 21, 2018, having determined that petitioner's request appeared to be meritorious, we issued a *Palma* notice indicating we would dismiss the petition as moot if respondent reconsidered and vacated its order and entered a new order granting petitioner's motion. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171.) We also indicated that if respondent elected not to reconsider and vacate its order, it was to notify this court and, in that event, real party in interest, the People of the State of California, could file an opposition to the issuance of a peremptory writ in the first instance. On May 31, 2018, respondent filed with this court an order refusing to vacate its order. No opposition was filed by real party.

## DISCUSSION

Respondent correctly noted there are no published opinions analyzing whether a court has discretion under section 40502 to decline a person's demand to set the case in the county seat. *People v. Beltran* (1981) 124 Cal.App.3d 335, 339, the only published opinion discussing section 40502 transfers to the county seat, stated, "Having been cited for a traffic violation in a judicial district (Newhall) outside the county seat, defendant was entitled, upon his request, to be tried at the county seat (Los Angeles)." But, the issue in that case was whether *any* court within the county seat satisfied the statutory demand, and the Court of Appeal held a transfer

3

from Newhall to Van Nuys, located within the City of Los Angeles, was proper under the statute; the opinion did not analyze a court's discretion to altogether deny a request. (*Ibid.* See *Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 ["an opinion is not authority for a proposition not therein considered"].)

The disposition of the present case turns on the interpretation of section 40502. We thus exercise de novo review. (*People v. Warren* (2018) 24 Cal.App.5th 899, 906 [statutory interpretation is reviewed de novo]; *People v. Monk* (2018) 21 Cal.App.5th Supp. 1, 4 [same].)

In determining whether a trial court has discretion under the statute to deny a person's demand, we are guided by well-established rules of statutory interpretation. We seek to ascertain the intent of the Legislature by first examining the statute's """"words themselves because the statutory language is generally the most reliable indicator of legislative intent. [Citation.] The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context." [Citation.] If the plain, commonsense meaning of a statute's words is unambiguous, the plain meaning controls.' [Citation.]" (*People v. King* (2006) 38 Cal.4th 617, 622.) When the text of a statute is ambiguous, we may consult other indicia of legislative intent, including the statute's legislative history. (See *People v. Jefferson* (1999) 21 Cal.4th 86, 94.)

Section 40502 states, in relevant part, "The place specified in the notice to appear shall be any of the following: [¶] (a) Before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made. [¶] (b) Upon demand of the person arrested, before a judge or other magistrate having jurisdiction of the offense at the county seat of the county in which the offense is alleged to have been committed. This subdivision applies only if the person arrested resides, or the person's principal place of employment is located, closer to the county seat than to the magistrate nearest or most accessible to the place where the arrest is made. [¶] (c) Before a person authorized to receive a deposit of bail. [¶] The clerk and deputy clerks of the superior court are persons authorized to receive bail in accordance with a schedule of bail approved by the judges of that court. [¶]

4

(d) Before the juvenile court, a juvenile court referee, or a juvenile hearing officer within the county in which the offense charged is alleged to have been committed, if the person arrested appears to be under the age of 18 years.  The juvenile court shall by order designate the proper person before whom the appearance is to be made."

The words of the statute are unambiguous.  The statute begins, "The place specified in the notice to appear *shall be*," and then lists (for adults) only two locations where a person can appear and subsequently be tried: "nearest or most accessible with reference to the place where the arrest is made" and "at the county seat."  (§ 40502, subds. (a), (b), italics added.)[2] "Ordinarily, the term 'shall' is interpreted as mandatory and not permissive.  Indeed, 'the presumption [is] that the word "shall" in a statute is ordinarily deemed mandatory . . . .' [Citation.]"  (*People v. Standish* (2006) 38 Cal.4th 858, 869.)

Subdivision (b) of the statute provides that "*Upon demand* of the person arrested" the location for the trial shall be in the county seat if the person makes the required showing as to residence or place of employment.  (§ 40502, subd. (b), italics added.)  These words also clearly denote the county seat must be selected when the demand is made, without consideration of extraneous factors.  (See Webster's New World Dict. (3d college ed. 1988) p. 366 [defining "demand" as "to ask for as a right or with authority"]; *People v. Whitlock* (2003) 113 Cal.App.4th 456, 462 [when interpreting a statute, "[t]o ascertain the common meaning of a word, 'a court typically looks to dictionaries'"].)

The plain meaning of the words of the statute preclude a court's exercise of discretion when the specified showing regarding residence or place of employment is made, and this plain meaning controls our determination regarding the Legislature's intent.  "The clear import of the statute['s use of the word 'demand'] is . . . to give the right to the arrested person to specify the place of his appearance and trial.  If he has a right to demand that as something due him, that right cannot be denied him at the discretion of the arresting officer [or the trial court]."  (*Smith*, *supra*, 167 Cal.App.2d at p. 538.)

[2]Section 40502, subdivision (c), lists "a person authorized to receive a deposit of bail," but this is not a place where the offense may be tried.  Section 40502, subdivision (d), provides the place where juveniles must appear.

5

Respondent acknowledged the Court of Appeal in *Smith* held former section 739 required a change in the place where a defendant should appear and be tried, upon a defendant's demand, but concluded the Legislature, by enacting section 40502, intended to confer discretion on the court to grant or deny a person's demand. No such intent is reflected.

At the time the defendant in *Smith* was arrested, former section 739 provided, "Whenever a person is arrested for any violation of this code, not declared herein to be a felony, . . . and such person is not immediately taken before a magistrate as hereinbefore required or permitted, the arresting officer shall prepare in triplicate a written notice to appear in court or before a person authorized to receive a deposit of bail, containing . . . the time and place when and where such person shall appear. [¶] . . . [¶] (c) The place specified in said notice to appear shall be *either*: [¶] (1) Before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where said arrest is made; *or* [¶] (2) Upon demand of the person arrested, before a municipal court judge or other magistrate having jurisdiction of such offense at the county seat of the county in which such offense is alleged to have been committed or before a magistrate in the judicial district in which the offense is alleged to have been committed. [¶] (3) Before a person authorized to receive a deposit of bail. The clerk and deputy clerks of the municipal and justice's courts are persons authorized to receive bail in accordance with a schedule of bail approved by the judges of said courts." (Italics added. See *Smith*, *supra*, 167 Cal.App.2d at pp. 536-537.)

Respondent focused on former section 739's use of "either . . . or." Respondent believed the elimination of words indicating an unavoidable choice of alternatives in section 40502 revealed an intent by the Legislature to give the court the discretion to set the place for trial in *any* of the locations set forth in the statute. We conclude the change in the statutory language is not indicative of such intent.

When it was enacted in 1959, section 40502 stated, "The place specified in the notice to appear shall be *either*: [¶] (a) Before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is

nearest or most accessible with reference to the place where the arrest is made. [¶] (b) Upon demand of the person arrested, before a municipal court judge or other magistrate having jurisdiction of the offense at the county seat of the county in which the offense is alleged to have been committed or before a magistrate in the judicial district in which the offense is alleged to have been committed. [¶] (c) Before a person authorized to receive a deposit of bail. [¶] The clerk and deputy clerks of the municipal and justice courts are persons authorized to receive bail in accordance with a schedule of bail approved by the judges of said courts." (Italics added.)

Section 40502 thus continued to give the person arrested the right to be tried at the county seat "[u]pon demand" of the person. As relevant to the issues at hand, both statutes listed only two places where a person could appear and be tried: "nearest or most accessible with reference to the place [of arrest]" (former § 739, subd. (c)(1); § 40502, subd. (a)) and "at the county seat" (former § 739, subd. (c)(2); § 40502, subd. (b)).[3]

The only salient change between former section 739 and the 1959 version of section 40502 was to delete the "or" before the second alternative. But, given that the remaining portions of the statute were duplicated virtually without change, the alteration did not signify a fundamental shift in the intended operation of the law. Instead, it appears the deletion was nonsubstantive, effectuated for grammatical purposes.

Former section 739 stated "The place specified in said notice to appear shall be either," and then listed three possibilities ((c)(1) "nearest . . . the place where said arrest is made," (c)(2) "at the county seat," (c)(3) with "a person authorized to receive a deposit of bail"), and separated only the first two possibilities with an "or." Traditionally, the word "either" usually connotes only two alternatives. (Black's Law Dict. (6th ed. 1990) p. 516 ["Either. Each of two; the one and the other; one or the other of two alternatives; one of two"]; Webster's New World Dict., *supra*, at p. 435 ["either" defined as "one or the other (of two)"].) Nonetheless, the word "either" here was clearly meant to correspond to all three possibilities.

---

[3]Both statutes listed "Before a person authorized to receive a deposit of bail" as a third alternative. But, this was only where a person could be required to post bail, not where the person could be tried.

7

The 1959 version of section 40502 retained the three possibilities, with the word "either" preceding them, but eliminated the superfluous "or" between the first two alternatives. The statute was amended in 1984 to substitute "any of the following" for "either" in the introductory clause. (See Stats. 1984, ch. 400, § 1.) By 1984, as it does at present, section 40502 listed four alternatives (§ 40502, subd. (a) ["nearest . . . the place where said arrest is made"], (b) ["at the county seat"], (c) [with "a person authorized to receive a deposit of bail"] and (d) ["juvenile court" for minors]). Preceding the multiple possibilities with "any of the following" was hence also a nonsubstantive change meant to render the statute clearer and grammatically correct.

Respondent relied on the expense and inconvenience to the citing agency in traveling to the county seat in denying defendant's motion. Yet, the statute is silent as to such considerations, requiring simply that, once criteria regarding proximity to work or residence are satisfied, a request must be granted "upon demand." A court may disregard the literal words of a statute to avoid an absurd result (*People v. Pieters* (1991) 52 Cal.3d 894, 898-899), however, saving a cited person from having to travel—as in the present case—dozens of miles to litigate a traffic infraction is a rational result.

The county seat of Los Angeles County is the City of Los Angeles. (Gov. Code, § 23619.) Petitioner established he "resides, or [his] principal place of employment is located, closer to the county seat than to the magistrate nearest or most accessible to the place where the arrest is made." (§ 40502, subd. (b).) Accordingly, respondent did not have discretion to deny petitioner's motion to set the place for his trial in the county seat.

## DISPOSITION

Let a peremptory writ of mandate issue in the first instance directing respondent to vacate its April 27, 2018, order denying petitioner's motion to set the trial in the county seat, and entering a new order granting the motion. The previously ordered stay of the trial court proceedings is vacated.

_____
Ricciardulli, J.

We concur:

_____    _____
Kumar, Acting P. J.                 Richardson, J.