[Nos. B128613, B129250. Second Dist., Div. Two. June 13, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Gil Garcetti, District Attorney, Brent Riggs and Abram Weisbrot, Deputy District Attorneys, for Plaintiff and Respondent.

**OPINION**

**NOTT, J.**—In two appeals that have been consolidated, Ranger Insurance Company (Ranger) challenges: 1) the denial of a motion to extend time to set aside a bail forfeiture; and 2) the summary judgment entered against Ranger on the same forfeiture.

This is a case of first impression. It involves the interpretation of Penal Code section 1305.4,[1] which requires a showing of good cause in order to extend the time in which the forfeiture of a bail bond may be exonerated. We hold that appellate review of section 1305.4 is made under the abuse of discretion standard. We further hold that the trial court's decision was not an abuse of discretion.

## BACKGROUND

On February 2, 1998, Ranger became the surety on a $75,000 bail bond issued to secure the appearance of Emilio Telles, who was charged with child molestation. Telles failed to appear at a court proceeding scheduled for March 26, 1998, and bail was ordered forfeited. Notice of the forfeiture was properly mailed by the court clerk on April 21, 1998.

On either October 18 or 19, 1998,[2] Ranger moved under section 1305.4 to extend the 180-day statutory period of forfeiture that was about to expire. The basis of the motion was that an investigator, Roberto Elisalde, had located a "positive address on the above entitled matter in the city of Rosarritos, Baja California," and that Telles was a member of a band named "Fortaleza Nortena De Tijuana."

The trial court denied the motion.[3] A final judgment was thereafter entered.

## CONTENTION ON APPEAL

Ranger contends that it showed good cause to extend time, and the trial court erred in denying Ranger's motion.

## DISCUSSION

1. *The Statutes*

a. *Sections 1305 and 1306*

In brief, sections 1305 and 1306 provide that on the nonappearance of the defendant, bail may be ordered forfeited. In such a circumstance, the surety (or insurer, bail agent or depositor) has 180 days from notice of forfeiture to

---

[1]Unless otherwise noted, all further statutory references are to the Penal Code.

[2]Ranger states that its motion was filed on October 18, 1998. Respondent the People of the State of California claims that it was October 19, 1998. The filing date on the exhibit provided in the record is illegible.

[3]The record on appeal does not contain a reporter's transcript of the hearing.

produce the defendant or otherwise show the defendant is in custody. Failure to do so will result in the entry of summary judgment.

### b.  *Section 1305.4*

Section 1305.4 was enacted in 1996 and recently amended in 1999. Inasmuch as the amendments are not material to this appeal, we are setting forth the statute as it currently reads, which is: "Notwithstanding Section 1305, the surety insurer, the bail agent, the surety, or the depositor may file a motion, based upon good cause, for an order extending the 180-day period provided in that section. The motion shall include a declaration or affidavit that states the reasons showing good cause to extend that period. The court, upon a hearing and a showing of good cause, may order the period extended to a time not exceeding 180 days from its order. A motion may be filed and calendared as provided in subdivision (i) of Section 1305."

Thus, under section 1305.4, the automatic 180-day period for exoneration of the bond may be extended up to another 180 days on a showing of good cause.

### 2.  *Standard of Review*

■   There are presently no cases interpreting section 1305.4. Accordingly, there is no precedent regarding either the interpretation of the statute or the standard of review to be applied.

Ranger does not argue the standard of review. Respondent the People of the State of California analogizes the situation to the grant or denial of a motion for a continuance under section 1050, where the standard is that of abuse of discretion. We agree, and note that the same standard is applied whether in the criminal or civil arena, and whether for continuances or for the discretionary allowance of extensions of time. (*People v. Froehlig* (1991) 1 Cal.App.4th 260, 265 [1 Cal.Rptr.2d 858] [continuance of a criminal trial]; *Foster v. Civil Service Com.* (1983) 142 Cal.App.3d 444, 448 [190 Cal.Rptr. 893] [continuance of a hearing on a writ of mandamus]; *Lazarus v. Titmus* (1998) 64 Cal.App.4th 1242, 1249 [75 Cal.Rptr.2d 676] [continuance of a civil trial]; *Honig v. Financial Corp. of America* (1992) 6 Cal.App.4th 960, 965 [7 Cal.Rptr.2d 922] [amendment of the complaint two months before trial].)

We will therefore analyze this matter to determine whether the trial court has clearly abused its discretion. (*People v. Froehlig, supra,* 1 Cal.App.4th at p. 265.) In doing so, we are obligated to keep in mind that such abuse occurs

only where the court's decision " 'exceeds the bounds of reason, all circumstances being considered. [Citation.]' " (*Ibid.*)

### 3. *Ranger's Arguments*

■ Ranger first asserts that the policy of the law is to avoid the harsh effect of a forfeiture, and that a close case should be resolved in its favor. Ranger points out that often a defendant's family member or friend has pledged security (such as their home) to the surety, and a forfeiture may have the end result that an otherwise innocent party will lose that security when the surety forecloses.[4]

Next, Ranger points out the applicability of the foregoing policy arguments to the statute itself. Section 1305 formerly allowed a tolling of the original 180-day period only on a showing that the defendant was ill, insane, or in detention elsewhere. (4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Proceedings Before Trial, § 2031, p. 2393.) Ranger argues the language in new section 1305.4 allowing an extension on a showing of "good cause" is evidence of legislative intent to give the trial courts a wide latitude to exonerate a bond, in order to prevent the severe consequences of a forfeiture.

Finally, Ranger cites *County of Los Angeles v. Surety Ins. Co.* (1984) 152 Cal.App.3d 16 [199 Cal.Rptr. 351] (*County*) for the proposition that a surety only has to make a slight showing of good cause in order to receive the benefit of a tolling.

*County* was decided 12 years before the enactment of section 1305.4. In 1984, the applicable statute was section 1305, which at that time allowed tolling (inter alia) if the defendant was "temporarily disabled." (*County, supra*, 152 Cal.App.3d at p. 21.) In *County*, the surety moved to toll the statute on the basis of information received that the defendant was in custody in another jurisdiction. The trial court granted the motion. The information subsequently turned out to be incorrect, and the surety was unable to timely deliver the defendant. The court then entered summary judgment, as allowed by section 1306. On appeal, the surety had the incredible nerve to complain that its own motion to toll was so sketchy and incomplete that the trial court should not have granted the motion in the first place, and thus the court's subsequent entry of summary judgment was untimely. As might be expected, the appellate court made short shrift of that proposition, but did so on the merits, rather than on the principle of estoppel. The appellate court initially

---

[4]The record does not disclose, nor does Ranger argue, that anyone actually pledged security in this matter.

held that the judgment was presumed correct since the surety had provided an incomplete record on appeal relative to the information given to the trial court as to the particulars of the investigation. Next, in dealing with the merits, the court stated that the quantum of proof necessary to receive the benefit of tolling is less than that needed to discharge the forfeiture. The court concluded that the declaration that the defendant was in custody was sufficient to imply a "temporary disability" and therefore allow tolling of the 180-day statute. (*County, supra*, at pp. 23-24.)

### 4. *Analysis*

We find *County* to be of little assistance to Ranger. The fact that one trial court might have accepted a declaration that was deficient as to details does not bind all other trial courts to be so lenient.

Further, the declaration that a defendant is in custody implies that such defendant could be delivered to the trial court. In the present appeal, the only information given was that Telles might be at a certain address in Mexico. As discussed, *post*, the supposition that a defendant is in Mexico gives no assurance such defendant might be placed in custody and extradited to the United States. (*County of Orange v. Ranger Ins. Co.* (1998) 61 Cal.App.4th 795 [71 Cal.Rptr.2d 811].)

We have no quarrel with Ranger's remaining statements relative to public policy. However, under the facts of this case, the trial court did not err. As we shall explain, it was not an abuse of discretion for the court to rule that the declaration of Elisalde was insufficient to constitute good cause to extend the time to exonerate the bond.

After the failure of Telles to appear, the bond was ordered forfeited, which started the initial 180-day period to find Telles and surrender him to the authorities. Therefore, Ranger was by law automatically given 180 days to locate Telles.

A further extension is not automatic. Ranger has to earn any additional time by a showing of good cause. That means an explanation of what efforts Ranger made to locate Telles during the initial 180 days, and why such efforts were unsuccessful.

The record here is devoid of any such discussion, other than the ineffective declaration of Elisalde, who stated only that "after all attempts by the bail bond agency to contact the defendant failed, this case was forwarded to

our agency for the investigation."[5] The declaration does not state what efforts had been made, when they were made, or when Elisalde received the file. Further, the declaration does not state how or by what process Elisalde was able to locate Telles. Nor does Elisalde explain what a "positive address" was, how he was able to find it, how he knew it was a bona fide address for Telles, and whether the address was still good. Finally, the declaration gives no details on why it is significant that Telles "is a member of a band named 'Fortaleza Nortena De Tijuana.' "[6]

We do not view section 1305.4 as giving a surety carte blanche to sit on its hands for six months and then come running into court at the last minute with a bare-bones declaration that leaves huge gaps in the facts, and expect a trial court to simply roll over and give an extension.

At risk here is over $75,000. If Ranger wanted to protect that money, it should have commenced an adequate investigation right after March 26, 1998, and should not have been afraid to spell out all the details of its efforts to the trial court. The cursory declaration that was filed in this matter is incomplete. The trial court's ruling did not exceed the bounds of reason. Instead, we find the decision inherently reasonable.

### DISPOSITION

The judgment is affirmed.

Boren, P. J., and Mallano, J.,* concurred.

---

[5]The declaration of Elisalde is appended to this opinion.

[6]We are not told whether Telles is a citizen of Mexico or the United States. In view of the difficulty of extraditing Mexican citizens to the United States on anything but the most heinous of crimes (*County of Orange v. Ranger Ins. Co, supra,* 61 Cal.App.4th 795), the information that Telles was in Mexico would not in itself constitute good cause for an extension of time.

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

APPENDIX

H & H BAIL BONDS
40087 MISSION BLVD. # 387
FREMONT, CA. 94539
800-442-2457

In Propria Persona

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF LOS ANGELES
NORWALK JUDICIAL DISTRICT

PEOPLE OF THE STATE OF CALIFORNIA ) Case No.VA046054
                                   )
                    Plaintiff,     )
                                   )
         v.                        ) DECLARATION OF
                                   ) ROBERTO ELISALDE
    Emilio Telles,                 )
                    Defendant,     ) IN SUPPORT OF MOTION
                                   )
RANGER INSURANCE COMPANY and       )
H & H BAIL BONDS,                  )
                Moving Party/Real  )
                Party In Interest  )
                                   )
_____   )

I Roberto Elisalde declare:

1. I am an investigator and bail enforcement agent. I have been employed by H & H Bail Bonds to locate and return the defendant to court.

2. I have extensive experience in locating, apprehending and returning defendants who have jumped bail. In the past I have investigated forfeited bail bonds and have participated in numerous arrests.

3. That, the said defendant failed to appear in the above named court and the bond posted for the defendants release was forfeited.

4. That, after all attempts by the bail bond agency to contact the defendant failed, this case was forwarded to our agency for the investigation.

5. That I pulled and reviewed the case file associated with this matter and obtained all necessary documents to effect the defendant's arrest.

6. That, said investigation has produced a positive address on the above entitled matter in the city of Rosarritos, Baja California.

7. That, said defendant is a member of a band named "Fortaleza Nortena De Tijuana.

Therefore, it is respectfully requested that this motion be granted.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 14, 1998
Place: Fremont, California

Roberto Elisalde,
Investigator for H & H BAIL BONDS