Filed 7/10/15; further pub. order 8/6/15 (see end of opn.)

## CERTIFIED FOR PUBLICATION*

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C075960, C076314 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 179179, 14CV0086) |
| v. | |
| ACCREDITED SURETY AND CASUALTY CO., INC., | |
| Defendant and Appellant. | |

APPEAL from judgments and orders of the Superior Court of Shasta County, Monica Marlow, Judge.  Affirmed.

John M. Rorabaugh and E. Alan Nunez for Defendant and Appellant.

Rubin E. Cruse, Jr., County Counsel, and James R. Ross, Assistant County Counsel, for Plaintiff and Respondent.

---

\* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part I. of the Discussion.

1

Accredited Surety and Casualty Co., Inc. (Accredited Surety), the surety on two bail bonds, appeals from an order denying its Penal Code section 1305.4 motion to extend the 185-day[1] appearance period, an order denying its Code of Civil Procedure section 1008 (hereafter section 1008) motion to reconsider, and the summary judgments on the two bail bonds. Accredited Surety contends the trial court abused its discretion in denying the two motions. We find no abuse of discretion and shall affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On the same day in April 2013, Accredited Surety posted two bonds for the release of Cale Brian Maisano, the defendant in two underlying criminal matters (Shasta County case Nos. CRF12-6931 and CRF10-5222). In case No. CRF10-5222, the amount of the bond was $10,000; in case No. CRF12-6931, the amount of the bond was $75,000.[2] Maisano failed to appear in court on May 13, 2013, and the trial court declared the bails forfeited. The appearance period expired on November 14, 2013.

On November 13, 2013, Accredited Surety filed a motion to extend the appearance period under Penal Code section 1305.4. To support this motion, Accredited Surety attached the declaration of the bail agent, Sheri D'Angelo, of Bail Bond Connections,

---

[1] Penal Code section 1305 provides for certain circumstances in which bail may be exonerated. There is a 180-day jurisdictional time limit in which such relief can be granted. The 180 days may be extended by five days if the notice of forfeiture is mailed, as it was in this case. (Pen. Code, § 1305, subd. (b).) For consistency we will refer to this as the 185-day period or the appearance period. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658.)

[2] Aside from the bail bond numbers and criminal case numbers, the facts and procedural background are the same. Our case No. C075960 involves the bail bond in defendant Maisano's underlying case No. CRF12-6931 (Bond No. A100-00672323—the $75,000 bond). Our case No. C076314 involves the bail bond in defendant Maisano's underlying case No. CRF10-5222 (Bond No. A25-00674102—the $10,000 bond). This court ordered the two cases consolidated "for all further appellate procedures except that they will retain their respective case numbers."

2

detailing the efforts to return Maisano to court. Between May 13, 2013, when the trial court declared bail forfeited, and November 3, 2013, the bail agent made approximately 15 phone calls to various contacts in Maisano's current file and former bail files, including numbers for Maisano, his friends and associates, people for whom he had done caretaking, his girlfriend, and his mother. Many of the numbers were disconnected. To the extent the bail agent was able to contact anyone, none had current information on Maisano's whereabouts. A number of Maisano's "associates" provided general information. One associate took the bail agent to a house where Maisano was "known to stay"; Maisano was not there. Another associate told the bail agent "he had heard" that Maisano had just returned from Washington state, but had no other information. Later, that associate told the bail agent he had seen Maisano in a red Honda. He could not provide a license plate number. Another associate mentioned Maisano's brother, and said he would try to get the brother's contact information. One associate took the bail agent to a home where Maisano had been a caretaker. Maisano was not there. Another associate of Maisano's called the bail agent and said Maisano had contacted a mutual friend and told them he was living in a trailer in the mountains and did not have cell service. The bail agent made approximately 10 inquiries with various sources to confirm Maisano was not being held in custody anywhere; he was not. The bail agent had her old computer files on Maisano's prior bail recovered. The bail agent conducted Facebook searches for Maisano's girlfriend and his children. The bail agent conducted approximately 10 searches relative to Maisano's girlfriend. She also conducted asset searches on Maisano and his girlfriend. She found the girlfriend's parent's property but did not find Maisano or his girlfriend. The bail agent obtained a Washington state phone number for Maisano's mother. After leaving a few messages, she spoke with Maisano's mother who said she did not have a number to reach him. Maisano's mother stated he checked in every week or so and she would tell him to contact the bail agent.

3

The hearing on the motion to extend was set for December 2, 2013. Accredited Surety's attorney did not appear. Accordingly, the hearing was continued to December 9, 2013.

On the morning of the hearing, the bail agent attempted to file a supplemental declaration. This declaration delineated additional efforts by the bail agent. She indicated she had spoken with Maisano on a number of occasions since November 3, 2013. On November 10 and November 12, Maisano called the bail agent from a blocked number. The second time Maisano said he wanted to take care of the matter because he did not want his family to be bothered. The bail agent told him the only way to take care of the matter was to surrender himself. Maisano indicated he was going to contact an attorney and would call back. On November 14, Maisano called from an unblocked number and said he would turn himself in. The next day, the bail agent gave a fugitive recovery agent Maisano's phone number. Through the fugitive recovery agent, on November 18, the bail agent contacted a private investigator who had previously successfully tracked a fugitive based on a cell phone number. The next day Maisano called the bail agent again and indicated he would contact the bail agent after he made arrangements with his attorney to surrender. About a week later, the private investigative firm reported they no longer tracked cell phone numbers, but provided the bail agent with referrals for firms that did. The last entry in the declaration was November 27, 2013. The clerk's office did not file the declaration because it was not timely.

The trial court found the bail agent had made reasonable efforts to return Maisano to court, but there had been no showing of a reasonable likelihood of apprehension. "In fact, right now, the best information is that this person may be somewhere in a trailer in the woods that doesn't have cell phone reception, and, actually, the investigation tends to show that this person is fairly good at not getting apprehended . . . ." The trial court noted that, "so far, with the information I have, that tends to tell me that this individual is

4

fairly sophisticated in not coming in.  [¶] . . . [¶]  . . . He knows he's wanted.  He could come in.  Making promises over the phone through third parties that I'll show up under certain conditions, just don't seem to make a dent in whether or not in a reasonable time frame, a likelihood of his apprehension has been shown."  Accordingly, the trial court denied the motion to extend the appearance period.

On December 18, 2013, Accredited Surety filed a motion for reconsideration under section 1008.  Accredited Surety claimed the motion was made on the basis of new facts, not known at the time of the December 9, 2013 hearing.  Supporting the motion was a declaration of bail agent D'Angelo.  The declaration was essentially identical to the declaration Accredited Surety had attempted to file on December 9, 2013, for the original hearing.

On December 24, 2013, fugitive recovery agent Dan Ryant signed a supplemental declaration.[3]  Ryant declared that on December 20, 2013, he verified that Maisano still had active warrants and that Shasta County (the county) would seek extradition if Maisano were arrested.  He then drove to Seattle with his partner.  They contacted local law enforcement, who agreed to be on "civil standby."  The next day, Ryant confirmed Maisano's location.  Law enforcement met Ryant and his partner at Maisano's apartment.  Ultimately, law enforcement took Maisano into custody.  Washington state law enforcement indicated they could not enforce California law, but they were holding Maisano for investigation as a fugitive.

The trial court heard the motion for reconsideration on December 30, 2013.  The trial court noted at the time it "received and reviewed the motion for reconsideration there

---

[3] It is unclear whether Ryant's declaration was actually filed with the trial court.  No endorsed file stamp appears on the copy of the declaration in the appellate record.  However, county counsel's pleadings indicate "new information" was filed with the court on December 27, 2013.

was—or there were no additional facts other than what I had read before and have drawn the conclusion that it didn't appear to me that this person was anybody other than someone who would continue to evade apprehension by anybody. We knew him to be in two or three different places, by rumor. . . . [¶] And the last we knew he was hiding out in a trailer, without cell service, somewhere in the mountains, which could have been anywhere between San Jose and Washington state. . . . [¶] Now we're faced with a situation which we would have hopefully gotten to sooner without having him in custody, but procedurally. As a matter of reconsideration, the time had expired. And that's kind of where I want to—I know it seems to be somewhat technical—because I'm not real sure where I stand. . . . [A]t least on the facts that I saw . . . at the time, I think [the motion was] properly denied, the fact that his subsequent apprehension is not material to that proceeding." Accredited Surety's counsel agreed with the trial court that Maisano's subsequent apprehension was not relevant to the court's determination of the motion.

To justify the "new" facts contained in the declaration, Accredited Surety's counsel explained he had advised the surety not to put a great deal of detail in the original motion about how they were going to find Maisano, because the motion becomes public record. In the past, counsel has had experiences where the information is ultimately communicated to defendants and they are able to further evade capture.

County counsel filed an objection to the trial court's considering the motion to reconsider. County counsel noted Accredited Surety had not complied with the statutory requirements of section 1008, including the notice requirements. The county also noted the D'Angelo declaration did not contain any facts occurring after the first hearing, in that the declaration in support of the motion included information up to November 27, 2013, approximately one week before the hearing.

The trial court found Accredited Surety had given improper notice and it could have denied the motion on those grounds. The court also noted a motion for

6

reconsideration requires both new or different facts, circumstances, or law and a satisfactory explanation of the failure to produce the evidence earlier. The court found the explanation by Accredited Surety was insufficient to justify failing to produce the information earlier. The court also found there were no new facts at the time Accredited Surety filed the motion for reconsideration.

## DISCUSSION

### I. Trial Court Properly Denied Motion to Extend Appearance Period[*]

Accredited Surety contends the trial court abused its discretion by denying its motion to extend under Penal Code section 1305.4,[4] contending it made a sufficient showing of good cause to warrant an extension of the appearance period. Accredited Surety contends "the showing of diligent, consistent and reasonable efforts to locate a fugitive is the measure of good cause, and when such efforts are shown, an extension should be granted." We disagree.

When a defendant, released from custody on bail, fails to appear in court as ordered, the trial court must order bail forfeited. Penal Code section 1305 provides a period of 185 days, during which the surety can produce the defendant in court, or otherwise show the defendant is in custody, and bail will be exonerated. If the surety fails to do so, the trial court will enter summary judgment. (*People v. Ranger Ins. Co.*

---

[*] See footnote, *ante*, page 1.

[4] Penal Code section 1305.4 provides in relevant part as follows: "Notwithstanding [Penal Code] Section 1305, the surety insurer, the bail agent, [or] the surety . . . may file a motion, based upon good cause, for an order extending the 180-day period provided in that section. The motion shall include a declaration . . . that states the reasons showing good cause to extend that period. The court, upon a hearing and a showing of good cause, may order the period extended to a time not exceeding 180 days from its order. . . . In addition to any other notice required by law, the moving party shall give the prosecuting agency a written notice at least 10 court days before a hearing held pursuant to this section as a condition precedent to granting the motion."

(2000) 81 Cal.App.4th 676, 678-679 (*Ranger*).) Under Penal Code section 1305.4, upon a showing of good cause, the court may grant the surety an extension of the appearance period of no more than an additional 180 days. We review the denial of a [Penal Code section] 1305.4 motion for an abuse of discretion. "In doing so, we are obligated to keep in mind that such abuse occurs only where the court's decision ' "exceeds the bounds of reason, all circumstances being considered." ' " (*Ranger*, at pp. 679-680.)

"The good cause showing under [Penal Code] section 1305.4 is a low threshold for the movant. If the surety demonstrates good cause by showing due diligence in the initial [185] days, a reasonable likelihood of success of capturing the defendant in a subsequent 180 days, and any other relevant circumstances, the court should grant the motion." (*People v. Accredited Surety & Casualty Co., Inc.* (2006) 137 Cal.App.4th 1349, 1358 (*Accredited*); see *People v. Alistar Ins. Co*. (2003) 115 Cal.App.4th 122, 127 (*Alistar*); see also *Ranger*, *supra*, 81 Cal.App.4th at p. 681.)

Accredited Surety would have the court rely solely on their efforts to locate the fugitive to establish good cause. The law is well settled on this point; the relevant circumstances include the reasonable likelihood the surety will capture the defendant if an additional 180 days is provided. "Efforts by a surety during the first 180 days might not always translate into good cause for an extension if it is unclear that a defendant will likely be captured given more time. While the *Ranger* court was concerned that a surety would sit on its hands for 180 days and then come to court looking for an extension [citation], neither can the surety be entitled to another 180 days simply by demonstrating it exerted some effort. The inquiry must be prospective as well as retrospective; otherwise, an extension does not serve the statute's policy of returning fleeing defendants to custody. That policy is best served by the surety showing that another 180 days might be productive." (*Accredited*, *supra*, 137 Cal.App.4th at p. 1357; citing *Ranger*, *supra*, 81 Cal.App.4th at p. 681.)

8

Here, as the trial court found, the bail agent made consistent diligent efforts to locate Maisano. The bail agent conducted numerous searches to determine if he was in custody elsewhere. The bail agent made ongoing and repeated efforts to reach Maisano directly, and through his family members, friends, and girlfriend. The bail agent examined old records online and in her own computer hard drives for past case information about Maisano and further leads on locating or contacting him. Maisano's friends and associates repeatedly provided the bail agent information on places Maisano had stayed in the past and where he might be now. The bail agent conducted surveillance on some of these locations. The bail agent also spoke with Maisano's mother, who had contact with him and agreed to help the bail agent make contact with her son. Accredited Surety relies heavily on this last point to analogize this case to the *Alistar* and *Accredited* cases in which the courts found good cause to extend the appearance period, in part, based on cooperation from the family. But family cooperation is not all those cases had. In *Alistar*, the bail agent had cooperation from the defendant's family, and reason to believe the defendant was in a particular geographic area. (*Alistar*, *supra*, 115 Cal.App.4th at pp. 128-129.) From those facts, the court drew the reasonable inference that, with an extension of time, the defendant was likely to be recaptured. Similarly, in *Accredited*, in addition to active cooperation from the defendant's family members, the bail agent was able to consistently gather specific and confirmed information of the defendant's location, what he was doing, and with whom. He had also learned the identities of people who were helping the defendant and where they lived. (*Accredited*, *supra*, 137 Cal.App.4th at pp. 1353-1354, 1359.) Again, the declaration provided facts from which a court could reasonably infer that an extension of time would serve the purpose of returning the defendant to court.

Despite the reasonable efforts made in this case, at the end of the appearance period, the bail agent was no closer to actually locating Maisano than she had been at the

beginning of the period. Maisano was not in custody. None of his friends or associates knew where he was. He was not, and had not been, at any location suggested by those friends or associates, and there was no suggestion he would be there in the future. A number of the phone numbers in the files were disconnected, no longer in service, or not answered. There was no evidence Maisano or his girlfriend owned property and the bail agent did not obtain any information through the surveillance of the girlfriend's parent's home. At the end of October 2013, an associate informed Accredited Surety that Maisano was living in a trailer in the mountains, with no further detail, not even a state or which mountain range. And despite her offer of assistance, Maisano's mother did not know where he was and had no way to contact him. Thus, at the end of the appearance period, the bail agent had no information about Maisano's whereabouts and no reasonable likelihood of obtaining that information. Accordingly, the trial court did not abuse its discretion in denying Accredited Surety's motion to extend the appearance period. [END OF NONPUB. PT. I.]

## II. The Trial Court Lacked Jurisdiction to Grant the Motion to Reconsider

Accredited Surety also contends the trial court abused its discretion by denying its section 1008 motion to reconsider based on new or different facts. Accredited Surety contends the declaration filed in support of the motion to reconsider established new facts warranting the granting of the motion.

"A motion for reconsideration must be based on new or different facts, circumstances or law [citation], and facts of which the party seeking reconsideration was aware at the time of the original ruling are not 'new or different.' [Citation.] In addition, a party must provide a satisfactory explanation for failing to offer the evidence in the first instance." (*In re Marriage of Herr* (2009) 174 Cal.App.4th 1463, 1468.)

At first blush, it would appear Accredited Surety's declaration indicating that Maisano had been taken into custody was precisely the type of new or different facts

10

contemplated by section 1008. But this is a bail proceeding, with specific restrictions on what may be considered in a motion to extend. Thus, as an initial matter, we must clarify the scope of information that was properly before the trial court on the motion for reconsideration. Even though the trial court may hear a motion to extend the appearance period after the 185-day period has expired, the inquiry on such a motion is focused on the efforts made by the bail agent to apprehend the defendant during the 185-day period. (*People v. Ranger Ins. Co*. (2007) 150 Cal.App.4th 638, 649-650; *People v. Seneca Ins. Co*. (2004) 116 Cal.App.4th 75, 82-83.) This is true even if the event occurring between the expiration of the appearance period and the hearing on the motion is the actual apprehension of the criminal defendant; the defendant's apprehension after the appearance period does not cure a failure to demonstrate good cause for extending the appearance period itself. (*People v. Ranger Ins. Co.,* at p. 641; *People v. Seneca Ins. Co.,* at p. 83.) In fact, the trial court lacks jurisdiction to grant a motion to extend based "on facts occurring after the initial 185-day period had expired." (*Seneca Ins. Co.*, at p. 82.) This jurisdictional limitation imposes a unique restriction on the application of section 1008 to bail proceedings. The "new facts" must be limited to those occurring within the 185-day appearance period. To allow otherwise would wreck havoc on the statutory scheme governing bail. The last day of Maisano's appearance period was November 14, 2013. The bail agent's declaration contains information up to November 27, 2013,[5] and Ryant's supplemental declaration, indicating Maisano had been taken into custody in Washington state, contains information up to December 21, 2013.[6] We will not consider

---

[5] In their appellate argument, Accredited Surety properly only recites facts up to November 14, 2013, the 185th day of the appearance period.

[6] Accredited Surety's trial counsel agreed this information should not be considered by the trial court in deciding the motion to reconsider.

11

information contained in either declaration that relates to events after the expiration of the appearance period, November 14, 2013.

In support of the motion to reconsider, the bail agent declared she had been in contact with Maisano on November 10, 2013, and Maisano's mother on November 11, 2013. On November 12, 2013, Maisano called the bail agent and indicated his willingness to "take care of this matter." On November 14, 2013, Maisano called the bail agent again, this time from an unblocked phone number. The bail agent believed she would be able to use that information to determine a location. Again, November 14, 2013, was the last day of the appearance period.

Here, Accredited Surety filed the motion to extend on November 13, 2013. The hearing was set for December 2, 2013, and not held until December 9, 2013. Thus, at the time of the December 9 hearing, the bail agent was aware of the telephone conversations on November 10 through 14 with Maisano and his mother. That the bail agent and Accredited Surety were aware of these conversations on the date of the hearing is also established by the fact that Accredited Surety attempted to file the identical declaration on December 9, 2013, at the hearing on the motion to extend. Because, at the time of the hearing on the motion to extend, Accredited Surety and the bail agent were aware of the facts supporting the motion to reconsider, the motion to reconsider did not set forth any new or different facts. The trial court properly denied the motion on this basis.

12

## DISPOSITION

The judgments and orders are affirmed.  The County of Shasta is awarded its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                                         BUTZ                , J.


We concur:


RAYE               , P. J.


RENNER             , J.

Filed 8/6/15

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C075960, C076314 |
| v. | (Super. Ct. Nos. 179179, 14CV0086) |
| ACCREDITED SURETY AND CASUALTY CO., INC., | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

The opinion in the above-entitled matter filed on July 10, 2015 was certified for publication with the exception of Part I, pursuant to California Rules of Court, rules 8.1105 and 8.1110. For good cause it now appears that Part I of the opinion should also be published in the Official Reports and it is so ordered.

There is no change in the judgment.


        RAYE        , P. J.



        BUTZ        , J.



        RENNER        , J.


1