[No. B166414. Second Dist., Div. Six. Feb. 25, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
SENECA INSURANCE COMPANY, Defendant and Appellant.

76

COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Frank O. Sieh, County Counsel, and William A. Waters, Assistant County Counsel, for Plaintiff and Respondent.

OPINION

PERREN, J.—Seneca Insurance Company (Seneca), a bail surety, seeks relief from an order of bail forfeiture. Notice of the order was given by the trial court as required by law to both the surety and to the agent whose name appears on the bond. (Pen. Code, § 1305, subd. (b).)[1] Seneca sought an extension of the 185-day period in which the defendant could be returned to custody in order to avoid the forfeiture (§ 1305.4), contending that the notice of the forfeiture order was belatedly received by an agent whose name did not appear on the bond. The defendant was returned to custody while Seneca's motion was pending, but after the initial 185-day period had expired. The trial court denied the motion on its finding that Seneca's failure to timely notify its agent of the forfeiture did not constitute good cause for an extension of the time to return the defendant to custody. Seneca contends the court abused its discretion in denying the motion, and that in any event bail must be exonerated because the trial court failed to toll the 185-day period while the defendant was in custody, as required under section 1305, subdivision (e).

We conclude that the record is insufficient to demonstrate an abuse of discretion by the trial court in denying the extension motion and, further, that there was no tolling of the 185 days while the motion was pending. We also conclude that the 185-day period was not tolled as a result of the defendant's arrest because she was arrested after that period had expired. We affirm.

---

[1] All statutory references are to the Penal Code.

## FACTS AND PROCEDURAL HISTORY

In August 2002, El Centro Bail Bonds (El Centro) was requested to post bail for the release of Roxanne Lorona on charges pending in Ventura County. Seneca, El Centro's surety insurer, referred the matter to one of its local agents, Frank E's Bail Bonds (Frank E's). Frank E's posted the bond, and Lorona was released. El Centro's name did not appear on the bail bond that was filed with the court.

After Lorona failed to attend her court appearance on August 19, bail was forfeited. Notice of the order of forfeiture was mailed to Seneca and Frank E's on August 23. Because El Centro's name did not appear on the bond, it did not receive notice of the forfeiture order. (§ 1305, subd. (b).) The notice directed that "[y]our obligation under the surety bond will become absolute on the 185th day following the date of the mailing of this notice of order forfeiting bail [i.e., February 24, 2003,] unless the court, pursuant to the provisions of Penal code section 1305, shall sooner order the forfeiture set aside and the surety bond reinstated."

On February 19, 2003, Seneca moved pursuant to section 1305.4 for an order extending the time to return Lorona to custody in order to avoid bail forfeiture. In support of the motion, Seneca submitted the declaration of Jesse Rodriguez, the bail agent doing business as El Centro. Rodriguez stated that he did not receive a copy of the notice of forfeiture from Seneca until January 23, although he had been advised of the matter in early January. Rodriguez also had information indicating that Lorona had been staying with her boyfriend's father until early January, and that she was still in the El Centro area.

The motion was set for hearing on March 18, 2003. On March 17, counsel for Seneca filed a supplemental declaration indicating that Lorona had been arrested in El Centro on the bail warrant on March 7 and was to be held until March 15, after Rodriguez informed the police of her whereabouts. In light of this new information, Seneca "requested that an extension of time be granted on this case and if the court is satisfied that the defendant is in custody on the underlying charges that the bond be exonerated." After a hearing on April 1, the trial court denied Seneca's motion.

## DISCUSSION

### *Appealability*

Seneca's notice of appeal purports to appeal from the trial court's order denying its motion to extend the 185-day period under section 1305.4. That

order, however, is not appealable. On this court's motion, the record on appeal was augmented to include the trial court's order granting summary judgment against Seneca. We treat Seneca's appeal from the denial of its extension motion as an appeal from the subsequently entered summary judgment. (See *People v. American Surety Ins. Co.* (1999) 75 Cal.App.4th 719, 722 [89 Cal.Rptr.2d 422].)

### Standard of Review

We review the trial court's denial of Seneca's section 1305.4 extension motion for an abuse of discretion. (*People v. Ranger Ins. Co.* (2000) 81 Cal.App.4th 676, 679–680 [96 Cal.Rptr.2d 892].) The trial court can only be said to have abused its discretion where its decision " ' "exceeds the bounds of reason, all circumstances being considered. [Citation.]" ' " (*Ibid.*)

### No Abuse of Discretion

Seneca contends the trial court abused its discretion in denying its section 1305.4 motion because it made the requisite showing of good cause to warrant an extension of the 185-day period provided in section 1305.[2]

█ Seneca has failed to provide this court with an adequate record to review its claim. The judgment and orders of the trial court are presumed on appeal to be correct, " '. . . and all intendments and presumptions are indulged . . .' " in their favor. (*Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 718 [21 Cal.Rptr.2d 200, 854 P.2d 1117], quoting *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 [275 Cal.Rptr. 797, 800 P.2d 1227].) Appellants have the burden of overcoming this presumption by presenting a record that demonstrates error. Where the appellant fails to provide a reporter's transcript, "it is presumed that the unreported trial testimony would demonstrate the absence of error." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [89 Cal.Rptr.2d 618]; *Smith v. Laguna Sur Villas Community Assn.* (2000) 79 Cal.App.4th 639, 646–647 [94 Cal.Rptr.2d 321].) "Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant]." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [93 Cal.Rptr.2d 97].)

Here, the trial court held a noticed hearing on Seneca's extension motion. Seneca chose to proceed on appeal without a reporter's transcript, however, and we must assume that the record would demonstrate the absence of error

---

[2] Although the statute generally refers to a 180-day period, that period is extended by five days where, as here, the notice of forfeiture is mailed. (§ 1305, subd. (b); see also *People v. Ranger Ins. Co.* (2000) 77 Cal.App.4th 813, 818–819 [91 Cal.Rptr.2d 907].)

and accordingly affirm the order on that basis. (*Estate of Fain, supra*, 75 Cal.App.4th at p. 992; *Hernandez v. California Hospital Medical Center, supra*, 78 Cal.App.4th at p. 502.)

■ Even on the merits, and given the record we have been furnished, Seneca's claim must fail. Bail forfeited following a defendant's failure to appear will subsequently be exonerated if the defendant is returned to custody within 185 days of the mailing of the notice of forfeiture. (§ 1305, subds. (b), (c).) Section 1305.4 provides that the trial court may grant an extension of this 185-day time period upon a showing of good cause. Seneca moved for an extension of time pursuant to this section on the ground that one of its bail agents, i.e., Rodriguez doing business as El Centro, did not receive notice of the forfeiture until several months after it was entered. That agent did not, however, post the bond, nor did that agent's name appear on the bond. Seneca and the bail agent who posted the bond each received timely notice of the forfeiture, as required by section 1305, subdivision (b). If Seneca had wanted Rodriguez to act on the matter, it should have immediately forwarded a copy of the forfeiture notice to him.

■ Moreover, Seneca waited until the 185-day period had almost expired before filing its motion, notwithstanding the fact that Rodriguez had received notice of the forfeiture more than a month earlier. Rodriguez's declaration also indicates that although he received actual notice of the forfeiture in early January 2003, he did not begin looking for the defendant until he received a copy of the notice on January 23. Had he acted in early January, he might have succeeded in apprehending the defendant, who was living with her boyfriend's father at that time, within the 185-day period. Although his efforts apparently resulted in the defendant's arrest prior to the hearing on the motion, the trial court could have concluded that this evidence was irrelevant to the determination whether Seneca made a showing of good cause for failing to secure the defendant's return to custody within the 185-day period. Under the circumstances, it cannot be said that the trial court abused its discretion in denying an extension of time.

### The 185-day Period Was Not Automatically Extended by the Filing of Seneca's Motion

In arguing that the trial court did not abuse its discretion in denying Seneca's section 1305.4 motion, the People contend that the 185-day period for exoneration was automatically extended to the date of the trial court's April 1 decision on the motion.

Ironically, were we to agree with this contention, we would have to conclude that the trial court was compelled to vacate the order of forfeiture

and exonerate the bail bond. If the initial period was automatically extended to April 1 by operation of Seneca's motion, then the bail must be exonerated because Lorona was arrested on the bail warrant in another county on March 7. (§ 1305, subd. (c)(3) ["If, outside the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 18[5]-day period, the court shall vacate the forfeiture and exonerate the bail"].)

■  We do not, however, accept the People's proposition. Although the trial court retained jurisdiction to rule on the motion for 30 days after the 185-day period had expired (§§ 1305, subd. (i), 1305.4), the time allowed to return the defendant to custody was not automatically extended by the mere filing of the motion. Indeed, the court lacked jurisdiction to grant the motion based on facts occurring after the initial 185-day period had expired.

*People v. Ramirez* (1976) 64 Cal.App.3d 391 [134 Cal.Rptr. 511], is instructive. In that case, the surety brought a timely motion to toll the exoneration period under section 1305, which provides for tolling where the failure to return the defendant within the initial 185-day period is due to his or her temporary disability. (§ 1305, former subd. (a), now subd. (e).) In support of the motion, the surety simply offered that it was in the process of picking up the defendant that day. (*People v. Ramirez, supra*, at p. 395.) At the hearing on the motion, which was held eight days after the initial exoneration period had expired, the surety notified the court that the defendant had been apprehended the night before. The trial court concluded that it lacked jurisdiction to vacate the forfeiture and exonerate the bond because the defendant had not been apprehended within 185 days of the date that the notice of forfeiture was mailed to the surety. (*Id.*, at p. 396.) The Court of Appeal affirmed, reasoning that "[t]o conclude otherwise would reduce the obligations of a bonding company under section 1305, subdivision (a) from an absolute to a gamble in favor of the bonding company—heads I win, tails you lose—through the ruse of filing a declaration within the 18[5] days of 'contemplated' surrender or recapture in order to acquire a 'breather' of another 30 days in pious hope the defendant will show up or be recaptured. The Legislature never intended such a result nor could the criminal courts or the bail system properly function under such an interpretation." (*Id.*, at p. 402; see also *People v. Granite State Ins. Co.* (2003) 114 Cal.App.4th 758, 768 [7 Cal.Rptr.3d 887].)

■  Although section 1305.4 provides for an *extension* of the initial 185-day period, while section 1305 provides for *tolling* of that period, we discern no relevant difference between the two requested forms of relief in this context. Subdivision (i) of section 1305, which provides that the trial court retains jurisdiction to *hear* a tolling motion within 30 days after the

185-day period has expired, also applies to extension motions brought under section 1305.4. Had the Legislature also intended to automatically expand the surety's time to return the defendant to custody, it would have expressly done so. ▮ Because it did not, we conclude that section 1305.4 does not provide an automatic 30-day "breather" for sureties who are unable to demonstrate good cause for failing to return a defendant to custody within the initial 185-day period. Seneca failed to establish good cause for its failure to return the defendant to custody within that period. Accordingly, the fact that Lorona was returned to custody while the court still had jurisdiction to hear the motion does not entitle Seneca to relief from the order of forfeiture.

### The 185-day Period Was Not Tolled by the Defendant's Arrest

Seneca also contends that bail must be exonerated because the trial court failed to toll the 185-day period for return of the defendant, as required by section 1305, subdivision (e). That section provides for tolling during the time "[t]he defendant is temporarily disabled by reason of illness, insanity, or detention by military or civil authorities." Seneca's claim is premised on the fact the defendant was arrested in another county on the bail warrant on March 7, 2003. Counsel further stated that the defendant was to be taken into custody by Ventura County by March 15, 2003. The record is silent as to whether the defendant was actually taken into custody on that date.

▮ The trial court did not err in failing to toll the 185-day period during the period of the defendant's detention. The 185-day period expired on February 24, 2003, i.e., nine days before the defendant was returned to custody. As we have explained, the court lacked jurisdiction to vacate the forfeiture and exonerate the bond based on events that occurred after the initial exoneration period had expired.

The judgment is affirmed. Costs on appeal are awarded to respondent.

Gilbert, P. J., and Yegan, J., concurred.