Filed 9/8/14  P. v. Financial Casualty & Surety CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FINANCIAL CASUALTY & SURETY, INC.,<br><br>    Defendant and Appellant. | H039527<br>(Monterey County<br>Super. Ct. No. M122156) |

Financial Casualty & Surety, Inc. appeals from a summary judgment entered after the trial court denied its motion to extend the forfeiture period for the bail bond it posted for a criminal defendant.  As the record discloses no abuse of discretion by the trial court, we will affirm the judgment.

### *Background*

On May 21, 2012, appellant's agent, The Bail Hotline Bail Bonds (Bail Hotline) posted a $20,000 bond for the release of defendant Larry Weathers, pending his May 30 appearance on misdemeanor charges.  On June 22, 2012, Weathers failed to appear for arraignment.  The court declared the bond forfeited and notice of forfeiture was sent to both appellant and Bail Hotline.  On December 26, 2012, Bail Hotline moved to extend the forfeiture period by 180 days pursuant to section 1305.4.

In their opposition to the extension motion the People noted that the investigator had not begun searching for Weathers until August 1, 2012, more than a month after Weathers failed to appear for his June 22 court date. The People complained that the investigator's search had been "perfunctory and limited"; he had waited until October to obtain a booking photograph, failed to "stake out" any locations, and conducted only one in-person interview—with someone who had no connection to Weathers. The People further argued that, given the large population of Las Vegas and no current address for the defendant, the investigator had "virtually no chance" of locating Weathers there. Thus, in the People's view, the investigator had demonstrated "neither due diligence nor a reasonable likelihood of . . . capturing Defendant Weathers" within an additional 180 days.

On January 30, 2013, the court heard argument and denied the motion to extend. On March 12, 2013 summary judgment was entered against appellant on the forfeited bond, followed by appellant's April 11, 2013 notice of appeal.

*Discussion*

As a preliminary matter, we note that appellant's notice of appeal purports to appeal from the order denying the extension motion as well as the ensuing summary judgment. Appellant asserts that both are appealable, but it is mistaken. The law is settled that the denial of a section 1305.4 motion is not appealable.[1] (*People v. Seneca Ins. Co.* (2004) 116 Cal.App.4th 75, 80.) We will, however, treat the appeal as having been taken from only the summary judgment. (*Ibid.*)

Section 1305, subdivision (a), requires the court to declare forfeiture of a bond securing the defendant's attendance if, "without sufficient excuse," the defendant has failed to appear in court on any occasion before pronouncement of judgment, when his or

---

[1] Even if an order denying a section 1305.4 motion extension were appealable, in this case the appeal would be untimely.

2

her presence "is lawfully required." The statute allows the surety or bail agent 180 days from the notice of forfeiture (plus five days for mailing) to produce the defendant or otherwise show that the defendant is in custody. When that period elapses without the appearance of the defendant, the court must enter summary judgment against each bondsman named in the bond.

Section 1305.4, however, permits the surety or bail agent to move to extend that 180-day period. The court may grant an extension for up to an additional 180 days upon a showing of "good cause." (§ 1305.4.) " 'That means an explanation of what efforts [the surety] made to locate [the defendant] during the initial 180 days, and why such efforts were unsuccessful . . . . [T]he surety [must] show its due diligence to locate a defendant and secure his or her presence in court.' " (*People v. Ranger Ins. Co.* (2007) 150 Cal.App.4th 638, 644 quoting *People v. Ranger Ins. Co.* (2000) 81 Cal.App.4th 676, 681.)

In this case the investigator's declaration listed his efforts to find Weathers from the time he received the file on August 1, 2012 through November 26, 2012. He was completely unsuccessful until, on December 5, 2012, an informant told the investigator that Weathers was living in Las Vegas, Nevada. The informant indicated that he would be able to obtain Weathers's exact address within a few weeks. Armed with this information along with Weathers's Facebook profile stating that he was living in Las Vegas, the investigator was "confident" that he would "soon" be able to locate Weathers.

Appellant contends that the trial court erred in refusing to extend time so that Weathers could be located and returned. Appellant maintains that the investigator made "reasonable, diligent and concerted efforts to locate the defendant during the four months that he was assigned the case. He reached a point where an informant was willing to assist by trying to find an exact address for defendant in Las Vegas, the city where the investigator's efforts pointed as the likely location of defendant. To have granted an extension in these circumstances could very likely have led to defendant's capture."

As appellant acknowledges, we review the denial of the extension motion under the abuse of discretion standard. (*People v. Ranger Ins. Co.* (2005) 135 Cal.App.4th 820, 823.) Accordingly, we may not overturn the order unless the trial court "clearly abused its discretion"—that is, "only where the court's decision ' " 'exceeds the bounds of reason, all circumstances being considered.' " ' " (*People v. Ranger Ins. Co., supra,* 81 Cal.App.4th at pp. 679-680; *People v. Seneca Ins. Co., supra,* 116 Cal.App.4th at p. 80.)

Appellant elected not to provide this court with a reporter's transcript, so we are unable to discern the basis of the trial court's decision not to grant an extension. "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be conclusively presumed correct as to all evidentiary matters. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error." (*In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992, italics omitted; accord, *People v. Seneca Ins. Co.*, *supra*, 116 Cal.App.4th at p. 80.)

Appellant cannot overcome this presumption merely by reasserting its diligence and rearguing the need for more time as if this court were reviewing the matter de novo. The trial court could have agreed with the People that waiting almost six weeks to begin looking for the defendant was unjustified in this case, that the investigator's efforts to find the defendant were inadequate, or both. Neither the investigator's declaration nor appellant's written arguments below compelled a finding of good cause to grant the motion, nor do we discern any other basis for concluding that the court exceeded the bounds of reason after considering the circumstances presented. As no abuse of discretion appears on the limited record before us, we must resolve the issue against appellant.

*Disposition*

The judgment is affirmed.

_____

ELIA, J.


WE CONCUR:




_____

RUSHING, P. J.




_____

PREMO, J.