Filed 2/20/18

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES


| | | |
|---|---|---|
| THE PEOPLE, | ) | BR 053558 |
| | ) | |
| Plaintiff and Respondent, | ) | Metropolitan Trial Court |
| | ) | |
| v. | ) | No. E003539 |
| | ) | |
| PAMELA MONK, | ) | |
| | ) | |
| Defendant and Appellant. | ) | **OPINION** |
| | ) | |

Appeal from a Judgment of the Superior Court of Los Angeles County, Metropolitan Trial Court, Shannon Knight, Judge. Reversed.

Pamela Monk, in pro. per., for Defendant and Appellant.

Michael N. Feuer, City Attorney, Debbie Lew, Assistant City Attorney, and Kent J. Bullard, Deputy City Attorney, for Plaintiff and Respondent.

\*          \*          \*

1

## INTRODUCTION

Defendant Pamela Monk was found guilty of starting to cross a roadway after the "DON'T WALK" sign began flashing (former Veh. Code, § 21456, subd. (b)). She appeals the judgment, and as discussed below, we reverse.

After she was convicted, and while her case was on appeal, the statute was amended to allow a person to start to cross an intersection after a "DON'T WALK" sign is flashing when a sign's accompanying "countdown" signal timer has not expired. In the absence of any contrary indications, we infer the Legislature intended its ameliorative change to the jaywalking law to apply to cases not yet final on appeal. (See *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*); accord, *People v. Rossi* (1976) 18 Cal.3d 295, 301 (*Rossi*).)

## BACKGROUND

Defendant was cited for violating former Vehicle Code section 21456, subdivision (b), on April 13, 2017. She pled not guilty and the case proceeded to trial.

On July 6, 2017, Los Angeles Police Department Officer Kelly testified at trial that on April 13, 2017, he checked that all the pedestrian control signals at the intersection of First and Hill Streets were synchronized and working properly. Kelly saw defendant enter the intersection when the control signal "DON'T WALK" sign was flashing and the signal timer was at number 7 of 15. Kelly admitted that, because he observed defendant approaching the location where he was stationed, he only saw the control signal he was facing and not the one faced by defendant.

Defendant testified she, along with several other pedestrians, began crossing the street *before* the "DON'T WALK" sign started flashing. Defendant further testified that, when she asked Kelly at the scene why he cited only her, Kelly responded "he couldn't ticket everybody."

The court determined defendant was not credible and found her guilty. Defendant was ordered to pay a fine of $25 plus penalty assessments.

DISCUSSION

Defendant in her opening brief contended the judgment should be reversed because Kelly's testimony was insufficient to prove the sign she faced was flashing "DON'T WALK" at the time she started to cross the street, and the court was biased against her. The circumstantial evidence supported the judgment, because the trial court could find the "DON'T WALK" signals facing defendant and Kelly's directions were synchronized, and if the signal facing Kelly was flashing "DON'T WALK" when defendant entered the intersection, the same was true for the signal facing defendant. (See *People v. Jones* (2013) 57 Cal.4th 899, 961 [circumstantial evidence can be sufficient to prove guilt beyond a reasonable doubt].) It was the exclusive province of the trier of fact to determine the credibility of witnesses (see *People v. Maury* (2003) 30 Cal.4th 342, 403), and the record does not indicate the court was biased against defendant (see *People v. Seneca Insurance Co.* (2004) 116 Cal.App.4th 75, 80).

Pursuant to Government Code section 68081, we notified the parties they could file supplemental briefs with regard to whether reversal was required based on the amendment to Vehicle Code section 21456. The People filed a supplemental brief, agreeing reversal was required on this basis, and we proceed to so hold.

As a threshold matter, we find defendant's failure to raise retroactivity in the trial court was not fatal to her appeal, because the forfeiture rule does not apply to *Estrada* claims. (See *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 4 (plur. opn. of Werdegar, J.) (*Nasalga*).) We decide de novo the legal issue of whether defendant should benefit from the change in the law. (See *People v. Lofchie* (2014) 229 Cal.App.4th 240, 250.)

Former Vehicle Code section 21456 provided, "Whenever a pedestrian control signal showing the words 'WALK' or 'WAIT' or 'DON'T WALK' or other approved symbol is in place, the signal shall indicate as follows: [¶] (a) 'WALK' or approved 'Walking Person' symbol. A pedestrian facing the signal may proceed across the roadway in the direction of the signal, but shall yield the right-of-way to vehicles lawfully within the intersection at the time that signal is first shown. [¶] (b) Flashing or steady 'DON'T WALK' or 'WAIT' or approved 'Upraised Hand' symbol. *No pedestrian shall start to cross the roadway in the direction of the signal*, but any pedestrian who has partially completed crossing shall proceed to the sidewalk or

safety zone or otherwise leave the roadway while the 'WAIT' or 'DON'T WALK' or approved 'Upraised Hand' symbol is showing." (Italics added.)

On October 2, 2017, the Governor signed into law Assembly Bill No. 390 (2017-2018 Reg. Sess.) (Assembly Bill 390), amending Vehicle Code section 21456. The amendment decriminalized conduct that fell under the former statute.

As amended, the statute provides, "If a pedestrian control signal showing the words 'WALK' or 'WAIT' or 'DON'T WALK' or other approved symbol is in place, the signal shall indicate as follows: [¶] (a) A 'WALK' or approved 'Walking Person' symbol means a pedestrian facing the signal may proceed across the roadway in the direction of the signal, but shall yield the right-of-way to vehicles lawfully within the intersection at the time that signal is first shown. [¶] (b) A flashing 'DON'T WALK' or 'WAIT' or approved 'Upraised Hand' symbol with a 'countdown' signal indicating the time remaining for a pedestrian to cross the roadway means *a pedestrian facing the signal may start to cross the roadway in the direction of the signal but must complete the crossing prior to the display of the steady 'DON'T WALK' or 'WAIT' or approved 'Upraised Hand' symbol when the 'countdown' ends*. [¶] (c) A steady 'DON'T WALK' or 'WAIT' or approved 'Upraised Hand' symbol or a flashing 'DON'T WALK' or 'WAIT' or approved 'Upraised Hand' without a 'countdown' signal indicating the time remaining for a pedestrian to cross the roadway means a pedestrian facing the signal shall not start to cross the roadway in the direction of the signal, but any pedestrian who started the crossing during the display of the 'WALK' or approved 'Walking Person' symbol and who has partially completed crossing shall proceed to a sidewalk or safety zone or otherwise leave the roadway while the steady 'WAIT' or 'DON'T WALK' or approved 'Upraised Hand' symbol is showing." (Italics added.)

The amendment preserved the former statute's violation for starting to cross a roadway when there is a steady or flashing "DON'T WALK" or "WAIT" or "Upraised Hand" symbol, but limited the violation to intersections "without a 'countdown' signal indicating the time remaining for a pedestrian to cross the roadway." (Veh. Code, § 21456, subd. (c).) For intersections with a countdown signal, as the one in the present case, the violation is limited to pedestrians who fail to complete a crossing prior to the end of a countdown, regardless of

4

whether they entered the intersection when there was a steady or flashing "DON'T WALK" or "WAIT" or "Upraised Hand" symbol. (Veh. Code, § 21456, subd. (b).)

Assembly Bill 390 was not enacted as urgency legislation. "'"'Under the California Constitution, a statute enacted at a regular session of the Legislature generally becomes effective on January 1 of the year following its enactment except where the statute is passed as an urgency measure and becomes effective sooner. [Citation.]"'" [Citation.]" (*People v. Douglas M.* (2013) 220 Cal.App.4th 1068, 1076, fn. 5.) The effective date of the new law was thus January 1, 2018. Nonetheless, "there is no ironclad bar to a court construing a law to apply retroactively to cases, as the one[] herein, which [was] not final on appeal at the time the ameliorative legislation was approved." (*People v. Carranza* (2016) 6 Cal.App.5th Supp. 17, 33.)

The California Supreme Court in *Estrada*, *supra*, 63 Cal.2d at page 745, held: "When the Legislature amends a statute so as to lessen the punishment [without clearly specifying the statute should have only prospective operation] it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply."

*Estrada* involved a statute which merely reduced punishment, as opposed to making conduct wholly noncriminal. *Estrada* relied on the common law principle that a statute that mitigated punishment applied to acts committed before its effective date so long as no final judgment had been rendered. (*Estrada*, *supra*, 63 Cal.2d at p. 748.) The Supreme Court in *Rossi*, *supra*, 18 Cal.3d at page 301, held that "the common law principles reiterated in *Estrada* apply a [fortiori] when criminal sanctions have been completely repealed before a criminal conviction becomes final." (Accord, *People v. Wright* (2006) 40 Cal.4th 81, 94-95.) As pointed out by *Rossi*, "*Estrada* itself . . . noted that '[it] is the rule at common law and in this state that when the old law in effect when the act is committed is repealed, and there is no saving clause, all prosecutions not reduced to final judgment are barred.'" (*Rossi*, *supra*, 18 Cal.3d at p. 302, quoting *Estrada*, *supra*, 63 Cal.2d at p. 747.) "The *Estrada* rule rests on an

5

inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not." (*People v. Conley* (2016) 63 Cal.4th 646, 657.)

The statute, as amended, contains no saving clause stating the change in the law is to have only prospective effect. In addition, there is no intent apparent in the text of the statute indicating the law is to apply only prospectively. (See *Nasalga*, *supra*, 12 Cal.4th at p. 793 [noting "[t]he rule in *Estrada* . . . is not implicated where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent"].) Nor is such intent indicated by the amendment's legislative history. (See *id*. at p. 794 [when a statute does not contain an express saving clause, "we must look for any other indications of legislative intent"].)

An analysis of Assembly Bill 390 prepared for the Legislature explained the previous law was "instituted before the inception of countdown timers," and the change in the law was enacted because public safety at intersections can be maintained by allowing pedestrians to enter roadways so long as countdown timers have not expired. (Assem. Transp. Com., Analysis of Assem. Bill No. 390 (2017-2018 Reg. Sess.) May 5, 2017, p. 2.)

In approving Assembly Bill 390, the Legislature considered the need for the bill: "The author asserts that most pedestrians are unaware that they are not supposed to cross when the flashing upraised hand and the countdown timer are displayed and are surprised when they are cited for this violation. While most jurisdictions seldom cite for this offense, recently, the Los Angeles Police Department (LAPD) began citing regularly for this violation. In fact, the Los Angeles Times recently published that LAPD cites this violation four times more often than any other pedestrian offense. While the fine for this violation is low, with a base fine of $25, after fees and other assessments, the final cost of the citation comes in at just under $200. The author introduced this bill to protect pedestrians from being cited and from incurring the associated financial burden." (Assem. Transp. Com., Analysis of Assem. Bill No. 390 (2017-2018 Reg. Sess.) May 5, 2017, p. 2; Sen. Rules Com. Office of Senate Floor Analyses, analysis of Assem. Bill No. 390 (2017-2018 Reg. Sess.) as amended July 13, 2017, p. 3.)

Applying the law retroactively to defendant's case is consistent with the law's intent. Although defendant was already cited, convicted and ordered to pay a fine, applying the amendment to her case would serve the Legislature's intent of relieving pedestrians from the financial burden of being fined for an offense which it concluded was unnecessary to maintain safety at intersections controlled by countdown timers.

The People argue the case should be remanded to allow them the opportunity to determine if defendant should be retried. This is an appropriate disposition.

At her first trial, defendant was found guilty of starting to cross when the "DON'T WALK" sign was flashing and the countdown timer was still at 7 of 15, but the record does not indicate whether any evidence was presented as to whether she completed crossing prior to the end of the countdown. As the requirement that the crossing be completed prior to the end of the countdown was not an element of the statute at the time of defendant's trial, such evidence did not need to be presented to convict defendant.

Because we do not reverse based on the insufficiency of the evidence required to prove a violation of the statute as it read at the time of trial, the double jeopardy clause of the constitution will not bar a retrial. (*People v. Figueroa* (1993) 20 Cal.App.4th 65, 72, fn. 2; see *Burks v. U.S.* (1978) 437 U.S. 1, 18.) "'Where, as here, evidence is not introduced at trial because the law at that time would have rendered it irrelevant, the remand to prove that element is proper and the reviewing court does not treat the issue as one of sufficiency of the evidence.' [Citation.]" (*People v. Ramos* (2016) 244 Cal.App.4th 99, 103.)

DISPOSITION

The judgment is reversed.  The case is remanded for further proceedings consistent with this opinion.

_____
Ricciardulli, J.

We concur:


_____          _____
Kumar, Acting P. J.                       Richardson, J.