Filed 5/14/24  John v. Fine CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| RUSSELL JOHN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUSTIN FINE,<br><br>    Defendant and Appellant. | 2d Civ. No. B327477<br>(Super. Ct. No. 56-2019-<br>00525051-CU-FR-VTA)<br>(Ventura County) |

Appellant Justin Fine formed an LLC for the purpose of investing in biotech stocks.  Respondent Russell John offered to invest in the LLC and eventually paid $500,000 for an 87 percent membership interest.  The business relationship soured when respondent did not receive the long-term returns he expected.  Two years of litigation culminated in a bench trial.  The trial court found, among other things, that appellant breached his fiduciary duty to respondent by loaning large sums of the LLC's capital to other entities owned by appellant.  It awarded

respondent monetary damages, prejudgment interest, punitive damages, and attorney's fees totaling $2,387,311.42.

Appellant appeals the judgment and subsequent denial of his motion for new trial. We reject the first of his six arguments as forfeited. Appellant fails to provide a record adequate to review his remaining arguments. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant is the sole shareholder of ENIF, Inc., a corporate shell used for managing his various business entities. Biorap, LLC is among these entities.

Respondent is a successful insurance executive who invested in Biorap. He met appellant socially about 15 years ago. The two would frequently meet for lunch. Appellant explained that he intended to use Biorap to invest in biotech stocks using a proprietary algorithm. Respondent expressed interest in the company and eventually acquired an 87 percent membership from appellant for $500,000. He received Biorap's operating agreement and a statement of risk emphasizing the speculative nature of his investment.

Biorap's long-term returns did not meet respondent's expectations. He demanded a refund in 2018. Appellant responded that the operating agreement entitled him to receive only the value of his capital account—an amount far less than his investment in the entity. Respondent sued appellant and ENIF in 2019. His complaint included causes of action for breach of fiduciary duty, negligence, fraud, breach of contract, violation of the Corporations Code, and derivative claims on behalf of himself and other members of Biorap.

The trial court held a six-day bench trial. Appellant and respondent testified. Wayne Lorch, CPA, testified as

respondent's expert witness. The trial court issued a proposed statement of decision, and, after considering the parties' objections, issued a final statement of decision in December 2021.

The court found appellant breached his fiduciary duty to respondent by loaning over $600,000 in Biorap's cash to ENIF. The funds were then used to pay ENIF's outstanding loans to entities managed by appellant and other expenses that did not benefit respondent, such as paying off a car loan. The court cited the same conduct as proving respondent's causes of action for negligence, fraud, Corporations Code violations, and his derivative claim. It awarded respondent damages, prejudgment interest, attorney's fees, and punitive damages totaling $1,358,638.79. It awarded him an additional $1,028,672.63 on the derivative claim.

The trial court denied appellant's motion for new trial. Appellant but not ENIF appealed the judgment.

DISCUSSION

Appellant presents the same six arguments on appeal he made in his new trial motion, to wit: (1) the trial court erred under *People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*) by allowing Lorch to base his expert opinion on case-specific hearsay; (2) the court awarded respondent excessive and improperly calculated damages; (3) the court's finding that appellant owed a fiduciary duty to Biorap, together with Lorch's referring to Biorap as "insolvent" rather than "illiquid," constituted "irregularities in the proceedings" under Code of Civil Procedure section 657; (4) respondent's testimony at trial about his knowledge of ENIF's interrelationship with Biorap "constituted a prejudicial surprise"; (5) new evidence about Biorap's investments in Crystallex, a Canadian mining company,

3

warranted a new trial; and (6) the evidence was not sufficient to support the court's fraud finding.

We conclude appellant forfeited the first argument (*Sanchez* error). The record on appeal is not adequate to review the remaining arguments. (*Roberson v. City of Rialto* (2014) 226 Cal.App.4th 1499, 1507.)

Sanchez *Error*

Appellant contends the trial court committed *Sanchez* error when it allowed Lorch to base his expert opinion on deposition testimony given by ENIF's accountant, John Pagano. Appellant argues Lorch mischaracterized Pagano as stating ENIF was "insolvent" instead of "illiquid" when it borrowed money from Biorap. The trial court, in turn, relied on Lorch's testimony when it found appellant breached his fiduciary duty to respondent by in essence loaning Biorap's capital to himself.

Appellant does not demonstrate that he asserted *Sanchez* error or any other hearsay-based objection before or during Lorch's examination at trial. The record contains no motion in limine, brief, or oral objection addressing the issue. He appears to have raised it for the first time in his new trial motion, though the court's one-sentence ruling does not state whether it denied the motion on that ground. Failing to make a timely and specific objection forfeits a claim on appeal. (Evid. Code, § 353, subd. (a); *David v. Hernandez* (2017) 13 Cal.App.5th 692, 704.)

*Remaining Issues on Appeal*

We presume a judgment is correct and the record contains evidence sufficient to support it. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Appellant has the burden of "overcoming this presumption by presenting a record that

4

demonstrates error." (*People v. Seneca Ins. Co.* (2004) 116 Cal.App.4th 75, 80.) He does not meet this burden.

Appellant elected to proceed without a record of the oral proceedings or an agreed statement. (Cal. Rules of Court, rule 8.134.) While excerpts of the reporter's transcript are contained in the clerk's transcript, these include the complete testimony of just one witness (Lorch) and fragments of testimony from appellant, respondent, and appellant's accountant. The absence of a complete reporter's transcript precludes appellant from arguing sufficiency of the evidence on appeal. (See *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["it is presumed that the unreported trial testimony would demonstrate the absence of error"].) We conclude his second, third, fourth, and sixth arguments fail on this ground alone.[1]

The written record is deficient as well. Appellant's designation of record identifies only two documents for the clerk's transcript beyond those pre-populated in the Judicial Council form (APP-03). The operating agreements for Biorap and ENIF are omitted, as are the promissory notes and other documents memorializing Biorap's loans to ENIF. Also missing are the parties' pleadings, most minute orders, the orders and exhibits appellant cites related to Crystallex, and the parties' post-trial filings on respondent's requests for attorney's fees and punitive damages. These gaps in the written record preclude our review of the factual findings at issue in his second, third, fifth, and sixth arguments. More significantly, we cannot discern whether

---

[1] Appellant does not articulate any standard of review in his opening brief. We agree with respondent that appellant's first and fifth arguments are reviewed for abuse of discretion, and the second, third, fourth, and sixth for substantial evidence.

5

appellant timely raised all his concerns below because the record does not include his objections to the trial court's proposed statement of decision.  (Code Civ. Proc., § 632; Cal. Rules of Court, rule 3.1590(g).)

DISPOSITION

Judgment is affirmed.  Respondent shall recover his costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:


GILBERT, P. J.


YEGAN, J.

Henry J. Walsh, Judge
Superior Court County of Ventura
_____

Justin C. Fine, in pro. per., for Defendant and Appellant.
Silver and Arsht, Samuel J. Arsht, Marsha C. Brilliant,
and Jeffrey A. Meinhardt, for Plaintiff and Respondent.